**John J. HISS, et al., Appellants,**

v.

**GREAT NORTH AMERICAN COMPANIES, INC., Appellee.**

No. 05–93–00736–CV.

Court of Appeals of Texas, Dallas.

Nov. 24, 1993.

Kathryn R. Wray, Dallas, for appellants.

Ben L. Krage, Dallas, for appellee.

Before BAKER, MALONEY and ROSENBERG, JJ.

## OPINION

BAKER, Justice.

This is an interlocutory appeal from the trial court's grant of a temporary injunction against appellants. Appellants contend the trial court abused its discretion in granting the temporary injunction because the unidentified, undocumented, "proven customers" of appellee are not trade secrets as a matter of law; the injunction entered does not describe the conduct enjoined with legally sufficient specificity; the order enforces a legally unenforceable covenant not to compete, and appellee did not produce evidence to show irreparable injury. We determine the appeal is frivolous. We dismiss it.

### FACTUAL AND PROCEDURAL BACKGROUND

In October 1992, Great North American Companies, Inc., a pioneer telemarketer of office supplies, sued John J. Hiss and FMD & C Company, Inc. d/b/a First Monday Data & Copier Supply Co., a novice telemarketing competitor. GNAC sought temporary and permanent injunctions against Hiss and First Monday to prevent them from interfering with the trade secret clause in the employment contracts between GNAC and several of GNAC's former employees. First Monday

had hired GNAC's former employees. After Hiss and First Monday answered, the parties entered into an agreed temporary injunction.

In February 1993, GNAC amended its petition to join former GNAC employees, the other appellants in this action: Tom Kassela, Deborah K. Robbins, James Leslie Savage, Angela Colleen Hewett, and Norma Faye Westphal. The amended claim sought temporary and permanent injunctions to enjoin the former employees from using or disclosing confidential trade secrets obtained during their employment with GNAC. The alleged trade secrets are the identities of thousands of GNAC's most lucrative customers. The former employees answered in March 1993.

The trial court originally set the temporary injunction hearing for March 29, 1993, but postponed the hearing until April 1, 1993. The court concluded the hearing on April 7, 1993. The trial court granted GNAC a temporary injunction and signed the order on April 12, 1993. Hiss, First Monday, and the former employees posted cash instead of an appeal bond on April 14, 1993, and perfected their interlocutory appeal to this Court.

As required by the rule,[1] the trial court's temporary injunction order set a date for a trial on the merits for July 19, 1993. Five days before this trial date, appellants filed a "Plea in Abatement, or, in the Alternative, First Motion for Continuance" in the trial court. Appellants alleged as grounds for abatement that the pivotal question of law was before the Court of Appeals. In the alternative, the motion requested a ninety-day continuance. GNAC did not oppose this motion.

The trial court did not issue a written order granting appellants' motion, but made a docket entry on July 16, 1993, abating the case. Since that date, neither party has reset the case for trial on the merits.

## APPLICABLE LAW

The only issue before the trial court in a temporary injunction hearing is whether the applicant may preserve the status quo of the suit's subject matter pending trial on the merits. *Davis v. Huey,* 571

S.W.2d 859, 862 (Tex.1978); *Recon Exploration, Inc. v. Hodges,* 798 S.W.2d 848, 851 (Tex.App.—Dallas 1990, no writ). An applicant may not use an appeal of a temporary injunction ruling to get an advance ruling on merits. *Iranian Muslim Org. v. City of San Antonio,* 615 S.W.2d 202, 208 (Tex.1981); *Recon Exploration,* 798 S.W.2d at 853.

We limit appellate review of the grant or denial of a temporary injunction to determining whether the trial court clearly abused its discretion in entering the interlocutory order. *Davis,* 571 S.W.2d at 862–63; *Recon Exploration,* 798 S.W.2d at 853. The appeal of a temporary injunction should not be cause for trial delay. *See* TEX.R.CIV.P. 683. Trial courts should proceed expeditiously from the grant or denial of temporary injunctive relief to full consideration of the merits to reduce the need for interlocutory appeals. *Coalition of Cities for Affordable Utility Rates v. Third Court of Appeals,* 787 S.W.2d 946, 947 (Tex.1990) (per curiam) (orig. proceeding); *see also Hilb, Rogal & Hamilton Company of Texas v. Wurzman,* 861 S.W.2d 30, 35 (Tex.App.—Dallas 1993, n.w.h.).

The fastest way to cure the hardship of an unfavorable preliminary order is to try the case on the merits. *Recon Exploration,* 798 S.W.2d at 854; *Irving Bank and Trust Co. v. Second Land Corp.,* 544 S.W.2d 684, 689 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). For the parties to seek and the trial court to grant an abatement, stay, or continuance in the trial court while the court of appeals considers an interlocutory appeal increases delay and expense. *See Coalition of Cities,* 787 S.W.2d at 947.

## APPLICATION OF LAW TO FACTS

GNAC filed this suit in October 1992. In December 1992, the trial court entered an agreed temporary injunction. Following the joinder of the former employees, the trial court held a hearing on GNAC's application for temporary injunction on April 1, 1993. The trial court entered its order granting GNAC a temporary injunction on April 12, 1993. This order set the trial on the merits

1. TEX.R.CIV.P. 683.

for July 19, 1993. Appellants then perfected their interlocutory appeal.

Appellants filed a plea in abatement or a motion for continuance to allow this Court to render a decision on issues involving the merits of the underlying case. The certificate of conference on appellants' abatement plea shows appellee's counsel neither agreed nor disagreed to the relief requested. The trial court granted the abatement and removed the case from its trial docket.

On appeal, appellant, although casting its points of error as abuse of discretion, seeks to have this Court find that the identity of the "unidentified, undocumented, proven customers" is not a trade secret as a matter of law and that the underlying covenant not to compete is unenforceable. Appellant also complains that the trial court's injunction is not specific enough to describe the conduct enjoined as a matter of law and there is no evidence to show an irreparable injury. Appellant's arguments seek to obtain from this Court an opinion involving discreet issues of material fact involved in the underlying lawsuit.

At oral argument we questioned both counsel on the status of the underlying lawsuit. Both counsel admitted that neither had requested the trial court to reset the case for trial on the merits. Both counsel admitted suspending trial preparation for the express purpose of awaiting this Court's opinion and determination of this interlocutory appeal.

■ Appellants, with the acquiescence of appellee, are attempting to use the trial court's ruling on the temporary injunction to get an advance ruling on the merits. The function of a court of appeals in a case like this is. to determine only whether the trial court abused its discretion in granting or denying the temporary injunction. *Davis,* 571 S.W.2d at 861–62; *Recon Exploration,* 798 S.W.2d at 853. Any resolution of issues on their merits must await appeal from a final judgment in the underlying suit. *Recon Exploration,* 798 S.W.2d at 853; *Bethke v. Polyco, Inc.,* 730 S.W.2d 431, 434 (Tex.App.— Dallas 1987, no writ).

We continue to adhere to our position that this appeal, like many temporary injunction appeals, is unnecessary. *See Hilb, Rogal & Hamilton Company of Texas,* 861 S.W.2d at 35; *Recon Exploration,* 798 S.W.2d at 853. We again affirm our conclusion that the fastest way of curing the hardship of an unfavorable preliminary order is to try the case on the merits. *Recon Exploration,* 798 S.W.2d at 854; *Irving Bank and Trust Co.,* 544 S.W.2d at 689.

## CONCLUSION

Because appellants brought this appeal to obtain a ruling on the merits and not for a determination of whether the trial court abused its discretion, we conclude this appeal is frivolous. We refuse to condone or approve the abatement, stay, or continuance of trial court proceedings expressly to obtain an advance ruling on the merits of the underlying lawsuit. We admonish the litigants and the trial court to proceed expeditiously to a full consideration of the merits of this case.

This Court seriously considered the imposition of damages for delay against the parties. *See* TEX.R.APP.P. 84. However, rule 84 only permits the Court to award damages for delay to a prevailing appellee. *See* TEX. R.APP.P. 84. We decline to reward a party who has acquiesced in the delay of the trial on the merits of this case. Accordingly, we order that the parties pay their own costs of appeal in this case. *See* TEX.R.APP.P. 89.

We dismiss this appeal. *See* TEX.R.APP.P. 80(c).