**Gurdarshan BRAR, Gagandeep Bhalla, and Rajinder Gill, Appellants,**

v.

**Gurshewak SEDEY and Jasdeep Singh, Appellees.**

No. 05–09–00708–CV.

Court of Appeals of Texas, Dallas.

March 15, 2010.

Christina L. McCracken, Scott Paul Hazen, Gordon & Reese LLP, Durwood D. Crawford, Goins Underkofler Crawford & Langdon, Dallas, TX, for Appellant.

William J. Garrison, Scheef & Stone, LLP, Dallas, TX, for Appellee.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion By Justice FRANCIS.

This case involves a dispute among the members of the board of directors of a Texas nonprofit corporation operating a Sikh church. Appellees Gursewak Sedey and Jasdeep Singh obtained a temporary injunction enjoining appellants Gurdarshan Brar, Gagandeep Bhalla, and Rajinder Gill from denying Singh his position as director. In four issues, appellants assert the trial court lacked subject matter jurisdiction over the case. For the reasons set out below, we conclude we lack jurisdiction to consider appellants' complaint in this interlocutory appeal. Accordingly, we dismiss the appeal.

The corporation, Gurdwala Akaljot, was formed in March 2006. The parties to this suit served as the original board of directors along with a sixth person who was later removed. One purpose of Gurdwala Akaljot was to establish and maintain a church for religious worship services and activities to promote the principles and ideas of the Sikh religion and to disseminate information to provide spiritual, charitable, and educational functions and activities in the Sikh society. The corporation has no members or shareholders and is managed by the board of directors.

Under the corporation's bylaws, a director could be removed "either for or without cause at any duly convened special, regular or annual meeting of Directors, by the affirmative vote of two-thirds of the then serving Directors, provided notice of intention to act upon such matter shall have been given in the notice calling such meeting; and provided further that the Chief Spiritual Officer of the Church shall have approved the proposed removal of such Director."

In February 2009, Brar, acting as president, called a special meeting of the board to consider the removal of Singh. The notice of the meeting listed several reasons, one of which was that Singh failed to satisfy bylaw provisions requiring that he (1) "be a practitioner of the Sikh religion, a Kesadhari with unshorn hair and turban" and (2) personally guarantee a proportionate amount of the church's indebtedness. At the time, Singh was in India on business and was notified of the meeting by Sedey. Proxy votes are allowed under the bylaws, and Singh gave Sedey his proxy to vote against his removal. At the meeting, Sedey voted against Singh's removal, and the three appellants voted for removal. Appellants refused to recognize Singh's proxy vote. On the same day, appellants signed a "Unanimous Consent of Directors in Lieu of Special Meeting" that removed

Singh without cause as a director. Appellees did not consent to the document.

Appellees filed this lawsuit, alleging appellants' actions in purporting to remove Singh violated the corporate bylaws and were unlawful and sought declaratory and injunctive relief. In response to the request for temporary injunction, appellants asserted Singh (1) no longer met bylaw requirements to serve as a director because he had not remained "unshorn" and had not accepted proportionate liability on the church's financial obligations and (2) constructively resigned by failing to meet the requirements. Additionally, they filed an answer denying the allegations in appellees' petition and also affirmatively sought declarations that Singh did not meet the conditions of the bylaws to be a director, he constructively resigned, and he was properly removed as director.

After conducting an evidentiary hearing, the trial court granted the temporary injunction. In its order, the trial court found that it was probable appellees would prevail on the merits because the evidence demonstrated that less than a two-thirds "supermajority" had voted for removal and because appellants purported to act by means of a written consent in lieu of a meeting. Further, the trial court found the bylaw provision regarding unshorn hair was a "religious doctrine issue" over which it lacked jurisdiction. Finally, the trial court determined appellees would suffer irreparable harm if the application was not granted. The trial court enjoined appellants from denying Singh a place on the board of directors and from conducting meetings of the board except as properly noticed to appellees in compliance with the bylaws. As required by Texas Rule of Civil Procedure 683, the temporary injunc-

tion order set a date for trial on the merits for August 24, 2009.

One week after the order was signed, appellants filed a motion for rehearing and brief, arguing the trial court had "clear jurisdiction" to enforce the bylaw requirement that Singh remain unshorn. The motion was not set for hearing or ruled on by the trial court. A few days later, new counsel appeared in the case for appellants and filed a motion to dismiss for lack of jurisdiction, arguing that, contrary to their previous position, the case involved a "dispute of clear ecclesiastical matters" over which the trial court had no subject matter jurisdiction. The trial court then conducted an evidentiary hearing on the jurisdictional motion and, over the next two months, the parties continued to file evidence in support of their positions on that motion. In the meantime, appellants filed their notice of appeal from the temporary injunction order. At oral argument, counsel candidly acknowledged that a trial on the merits had been delayed while the parties await a ruling in this appeal.[1] Additionally, appellants' counsel conceded that appellants failed to follow the bylaws when removing Singh.

On appeal, appellants contend the trial court lacks subject matter jurisdiction over the entire case because the dispute involves matters of religious concern and "would unconstitutionally entangle the court in matters of church doctrine." In their brief, appellants rely on evidence and arguments made as part of their motion to dismiss, which was filed after the temporary injunction ruling and which remains pending in the trial court. Having reviewed the arguments and the record, it appears to this Court that appellants are attempting to obtain an original ruling on

1. The trial court granted a motion for continuance of the August trial setting and reset the case for December 7, 2009, which was less than one week before oral argument on appeal. A second motion was filed to continue the December trial setting.

their jurisdictional motion by way of an appeal from the temporary injunction order and, in doing so, have foregone two trial settings. We perceive at least two problems with appellants' approach.

First, we acknowledge that subject matter jurisdiction cannot be waived and may be raised for the first time in an appeal from a final judgment. *City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 687 (Tex.App.-Dallas 2003, pet. denied); *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 834 (Tex.App.-Austin 2006, pet. denied); *Brenham Hous. Auth. v. Davies*, 158 S.W.3d 53, 59 (Tex. App.-Houston [14th Dist.] 2005, no pet.) However, this is an appeal from an interlocutory order pursuant to section 51.014(a) of the Texas Civil Practice and Remedies Code. Section 51.014(a) provides the narrow exceptions to the general rule that only final judgments are appealable, and we strictly construe this statute. *See Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 355 (Tex.2001); *City of Dallas*, 133 S.W.3d at 686. One such exception allows an interlocutory appeal from an order that grants a temporary injunction. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (Vernon 2008). Another exception allows an appeal from an order granting or denying a plea to the jurisdiction by a governmental unit. *See id.* § 51.014(a)(8). Our jurisdiction in the interlocutory appeal is limited to review of the order appealed from, and we must confine our review to the arguments made as part of that order. *See City of Dallas*, 133 S.W.3d at 687–88 (concluding Court did not have jurisdiction to consider arguments not raised in City's plea to jurisdiction based on immunity from suit); *Austin Indep. Sch. Dist.*, 212 S.W.3d at 834 (refus-

ing to consider whether party failed to adequately exhaust administrative remedies because issue not raised in plea to jurisdiction); *Brenham Hous. Auth.*, 158 S.W.3d at 61 (refusing to consider when immunity waived for other claims when not raised in plea to jurisdiction).

Although this appeal was brought from the order granting the temporary injunction, appellants' argument on appeal is based on their motion to dismiss for lack of jurisdiction. Because their jurisdictional argument was not presented as part of their response to the request for temporary injunction (or their motion for rehearing), we conclude it is not properly before us. We recognize that while an appeal from an interlocutory order is pending, our rules of appellate procedure allow us to review "a further appealable interlocutory order concerning the same subject matter." *See* TEX.R.APP. P. 29.6(a)(1). Even assuming that rule would apply here, appellants have not obtained a ruling on the motion to dismiss; consequently, there is no order to review. In fact, it is not clear to this Court whether the parties have completed supplementing their evidence on the motion in the trial court.[2]

Even if appellants had obtained an order overruling their motion, we question whether this Court would have jurisdiction to review it. The only possible provision under section 51.014(a) that would apply is the grant or denial of a plea to the jurisdiction by a governmental unit; however, appellants are private parties and do not fall within the definition of a "governmental unit." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(3) (Vernon 2005) (defining "governmental unit"). Asserting jurisdiction over the merits of appellants' complaint simply because they have character-

---

**2.** While the case has been on appeal, both sides filed supplemental evidence in the trial court to support their competing positions on the motion to dismiss and then brought that evidence up to this Court in supplemental records.

ized their interlocutory appeal as one from a temporary injunction would render section 51.014 and its limitations virtually meaningless, particularly given that appellants are challenging the trial court's jurisdiction over the entire case, not just its jurisdiction to grant injunctive relief. *Cf. Hyde v. Ray*, 181 S.W.3d 835, 840 (Tex. App.-Fort Worth 2005, no pet.) (considering jurisdictional argument on appeal from temporary injunction order because "significantly" appellants did not question trial court's jurisdiction to hear entire case).

Second, the record shows appellants could have gone to trial on this matter three months before the case was even argued on appeal; instead, they sought a continuance to obtain a ruling from this Court. We have previously explained our position on such a tactic.

In *Hiss v. Great North American Cos.*, 871 S.W.2d 218, 219 (Tex.App.-Dallas 1993, no writ), this Court dismissed as frivolous an interlocutory appeal from a temporary injunction order when the parties delayed the trial on the merits to obtain a ruling on appeal. We instructed that parties "may not use an appeal of a temporary injunction ruling to get an advance ruling on the merits" and that the appeal of a temporary injunction "should not be cause for trial delay." We explained that, often, "the fastest way to cure the hardship of an unfavorable preliminary order is to try the case on the merits." *Id.* We admonished trial courts and litigants to "proceed expeditiously from the grant or denial of temporary injunctive relief to full consideration of the merits to reduce the need for interlocutory appeals." *Id.*

Four years after *Hiss* issued, the Texas Legislature amended the statute governing interlocutory appeals, section 51.014, to stay commencement of trial pending resolution of the appeal. Act of May 27, 1997, 75th Leg., R.S., ch. 1296, § 1, 1997 Tex. Gen. Laws 4936, 4937. Then, in 2001, the Legislature again amended the statute, this time to except appeals from temporary injunction orders from the automatic stay. Act of May 17, 2001, 77th Leg., R.S., ch. 1389, § 1, 2001 Tex. Gen. Laws 3575, 3575 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(b) (Vernon 2008)).

Given that temporary injunction orders are expressly excluded from the automatic stay provisions of section 51.014, we conclude that *Hiss* retains its precedential value. Here, appellants are seeking a final disposition of their case by way of an interlocutory order when they could have proceeded to trial and, if unsuccessful, appealed from a final judgment in less time than it took to bring this case to oral argument. Then, when the case was set for trial a second time, they filed a second motion for continuance. While that motion apparently has not been formally ruled on, the case in fact did not go to trial. What makes this appeal particularly disconcerting is the fact that appellants are waiting for this Court to decide an issue on which they argued and presented evidence to the trial court (*after* the ruling on the temporary injunction) but failed to obtain a ruling. We conclude that under the teachings of *Hiss*, such a tactic is improper.

For the reasons set out above, we dismiss the appeal.