**DISMISS and Opinion Filed January 31, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-00721-CV

**MORGAN SECURITY CONSULTING, LLC D/B/A NORTH EAST TEXAS TACTICAL AND PAUL MCCOY D/B/A TEXAS TACTICAL SHOOTER, Appellants**

**V.**

**KAUFMAN COUNTY, TEXAS, Appellee**

On Appeal from the 422nd Judicial District Court
Kaufman County, Texas
Trial Court Cause No. 85834-422

## OPINION

Before Justices Francis, Murphy, and Evans
Opinion by Justice Francis

Morgan Security Consulting, LLC d/b/a North East Texas Tactical and Paul McCoy d/b/a

Texas Tactical Shooter filed this interlocutory appeal of the trial court's order granting Kaufman

County's application for a temporary injunction. In four issues, appellants claim the trial court

abused its discretion in granting the temporary injunction because under the facts of this case,

Kaufman County could not bring suit under the Sport Shooting Liability Act as a governmental

entity or as a claimant and, even assuming it could, the scope of the temporary injunction

exceeded what was allowed under the statute. We dismiss this appeal.

In May 2012, Kaufman County filed its amended petition and application for a temporary

restraining order, alleging appellants were operating a sport shooting range in a residential area

in close proximity to houses and businesses. Kaufman County alleged it was entitled to injunctive relief under chapter 128 of the Texas Civil Practices and Remedies Code because appellants' operation of the sport shooting range did not comply with generally accepted standards followed in the sport shooting range industry. Kaufman County attached to its amended petition an expert report from the author of the National Rifle Association Range Manual. The expert's report concluded the range was "a clear and present danger to neighboring properties and inhabitants and should be closed immediately to prevent the possibility of either property damage, personal injury, and/or God forbid a fatality."

Appellants filed a general denial and claimed the County could not bring a suit "sounding in nuisance" under chapter 128. After a hearing, the trial court granted Kaufman County's application and enjoined appellants from (1) opening a sport shooting range, private shooting club, or one similar business involving the use and discharge of firearms on the property at issue; (2) entering or constructing a private shooting club or sport shooting range on the property; or (3) using the property for any discharge of firearms for lessons, training, instructions, demonstration, or any other commercial purpose. In the order, the trial court set the case for trial on August 16, 2012. Appellants then filed this appeal.

On September 27, 2012, while this appeal was pending, Kaufman County and Morgan Security filed an Agreed Motion for Abatement of the case on the grounds that "an interlocutory appeal is also pending in the Court of Appeals for the Fifth Judicial District at Dallas . . . the results of which could render a trial of this matter unnecessary." That same day, the trial court granted the agreed motion, ordered the case removed from the trial docket, and abated the case. Since that date, no party has moved to reinstate the case or request the case be set for trial on the

merits, and in fact, during oral argument, these facts concerning the status of the case were confirmed.

"The only issue before the trial court in a temporary injunction hearing is whether the applicant may preserve the status quo of the suit's subject matter pending trial on the merits." *Hiss v. Great N. Am. Cos.*, 871 S.W.2d 218, 219 (Tex. App.—Dallas 1993, no writ); *see Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). Parties may not use the ruling on the temporary injunction to obtain an advance ruling on the merits; rather, the only "question to be decided on appeal is whether the trial court abused its discretion in granting or denying the temporary injunction." *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981).

The appeal of a temporary injunction should not be cause for delay. *See* TEX. R. CIV. P. 683. In fact, temporary injunctions are expressly excluded from the automatic stay provisions of section 51.014 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West Supp. 2012); *Brar v. Sedey*, 307 S.W.3d 916, 920 (Tex. App.—Dallas 2010, no pet.). This Court has consistently noted the "fastest way to cure the hardship of an unfavorable preliminary order is to try the case on the merits." *Hiss*, 871 S.W.2d at 219; *Brar*, 307 S.W.3d at 920. For the parties to seek and the trial court to grant an abatement in the trial court while the court of appeals considers an interlocutory appeal increases delay and expense. *Hiss*, 871 S.W.2d at 219.

As was the case in *Hiss*, appellants, with the agreement of appellee, seek to use the trial court's ruling on the temporary injunction to get an advance ruling on the merits. Because the only appropriate appellate review is to determine whether the trial court abused its discretion in granting or denying the temporary injunction, any resolution of the merits of the case must await an appeal from a final judgment in the underlying suit. We adhere to our position in *Hiss* and

*Brar* and admonish the parties and the trial court "to proceed expeditiously to a full consideration of the merits of this case." *Hiss*, 871 S.W.2d at 220.

     We dismiss this appeal.

                               /Molly Francis/
                               MOLLY FRANCIS
                               JUSTICE

120721F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MORGAN SECURITY CONSULTING, LLC d/b/a NORTH EAST TEXAS TACTICAL AND PAUL MCCOY D/B/A TEXAS TACTICAL SHOOTER, Appellants

No. 05-12-00721-CV        V.

KAUFMAN COUNTY, TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 85834-422.
Opinion delivered by Justice Francis.
Justices Murphy and Evans participating.

In accordance with this Court's opinion of this date, this appeal is **DISMISSED**. We **ORDER** each party to bear its own costs of appeal.

Judgment entered January 31, 2013.

/Molly Francis/

MOLLY FRANCIS
JUSTICE