# NO. 12-12-00219-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONALD LAYTON, JUDY LAYTON, KARL ARTMIRE, MISTY ARTMIRE, PAMELA LAYNE D/B/A HIGH NOON SHOOTING RANGE, AND HIGH NOON GUN CLUB, INC., APPELLANTS* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *DAVID W. BALL, SARA BALL, JERRY HANNAH, PEGGY HANNAH, JOHN JONES, MARTHA JONES, DENNIS O'NEAL, LINDA O'NEAL, CLIFFORD F. ROCKWELL, HELEN E. ROCKWELL, JOHNNIE WANGER, AND NANCY WANGER, APPELLEES* | *§* | *SMITH COUNTY, TEXAS* |

---

## *OPINION*

Donald Layton, Judy Layton, Karl Artmire, Misty Artmire, Pamela Layne d/b/a High Noon Shooting Range (the range owners), and High Noon Gun Club, Inc. appeal the temporary injunction issued by the trial court in favor of David W. Ball, Sara Ball, Jerry Hannah, Peggy Hannah, John Jones, Martha Jones, Dennis O'Neal, Linda O'Neal, Clifford F. Rockwell, Helen E. Rockwell, Johnnie Wanger, and Nancy Wanger (the homeowners). Appellants raise five issues on appeal. Because we conclude that the trial court did not abuse its discretion in issuing its temporary injunction, we affirm the trial court's order, and urge the trial court and counsel to proceed expeditiously with a trial on the merits.

BACKGROUND

In 2010, the range owners purchased approximately 11.5 acres of land in an unincorporated area of Smith County, Texas, near Noonday. The range owners thought the geographic features of the property would make an ideal shooting range. The property had several natural embankments that the range owners believed would serve as barriers for bullets fired downrange. In January 2011, they began operating formally as a private shooting club.

However, the homeowners' properties were located directly to the east of the shooting range in a small housing subdivision, with one of the properties being located approximately twenty yards from the range's eastern boundary. Apparently, although the facts are contested, Dr. David Ball, one of the homeowners, believed that bullets were leaving the shooting range and entering his property. The homeowners were concerned and filed suit, alleging that the shooting range was a nuisance. They sought injunctive relief requiring that the shooting range cease operating or, alternatively, that Appellants be required to abate the nuisance by taking all reasonable measures and making all reasonable improvements necessary to protect the homeowners and their property from the danger presented by the shooting range.[1]

After granting a temporary restraining order, the trial court held a two day hearing on the application for temporary injunction. The trial court concluded that the homeowners would "suffer irreparable injury for which there was no adequate remedy at law with respect to their peaceable use and enjoyment of their property free of the anxiety and fear caused by the operation . . . of the High Noon Shooting Range." The trial court concluded further, among other things, that "gun-fired bullets are leaving the confines of the High Noon Shooting Range at grave risk to the surrounding community." Consequently, the trial court issued a temporary injunction, the effect of which is to prohibit the shooting range from operating pending a trial unless Appellants comply with the National Rifle Association (NRA) Range Manual. The order also includes several specific examples of particular actions required by Appellants related to the safe operation of the shooting range should they decide to operate pending trial.

Appellants filed a notice of appeal. The parties agreed to postpone the case in the trial court, and the trial court has continued the case, pending the resolution of this appeal. During

---

[1] The homeowners also sought various other forms of relief, including damages for the loss of value of their properties, declaratory judgment, and attorney's fees.

2

oral argument, the parties agreed that after this court issues its opinion, they will proceed to a full trial on the merits of the underlying lawsuit.

<h2 style="text-align:center">COMPLIANCE WITH RULE 683</h2>

In their first issue, Appellants argue that the temporary injunction is not sufficiently definite and clear in describing the acts to be restrained or required, and that it improperly makes reference to other documents. Consequently, their argument continues, the injunction is void.

## Standard of Review and Applicable Law

A temporary injunction shall be specific in its terms and shall describe in reasonable detail, not by reference to the complaint or other document, the act or acts to be restrained. TEX. R. CIV. P. 683. This rule's purpose is to ensure that parties are adequately informed of the acts they are enjoined from doing and the reasons for the injunction. *Rugen v. Interactive Bus. Sys., Inc.*, 864 S.W.2d 548, 552 (Tex. App.—Dallas 1993, no writ). The Texas Supreme Court has provided the following guidance for reviewing whether a temporary injunction order is sufficiently detailed:

> [A]n injunction decree must be as definite, clear and precise as possible and *when practicable* it should inform the defendant of the acts he is restrained from doing, without calling on him for inferences or conclusions about which persons might well differ and without leaving anything for further hearing. But obviously the injunction must be in broad enough terms to prevent repetition of the evil sought to be stopped, whether the repetition be in form identical to that employed prior to the injunction or (what is far more likely) in somewhat different form calculated to circumvent the injunction as written. And obviously, too, the decree cannot prejudge new situations, which were not before the court in the first instance, whether prejudging them as nonviolations or violations of its general terms. Nor should it be greatly concerned with rights of the defendants that are asserted largely in the abstract. Otherwise it would probably take longer to write the decree than it would to try the case, and the injunction might well become unintelligible and self-destructive.

*San Antonio Bar Ass'n v. Guardian Abstract & Title Co.*, 291 S.W.2d 697, 702 (Tex. 1956) (internal citations omitted) (emphasis added). The procedural requirements of Rule 683 are mandatory, and an order granting a temporary injunction that fails to strictly comply with the rule is subject to being declared void and dissolved. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam).

**Discussion**

Appellants first argue that the temporary injunction is vague and does not describe in sufficient detail the actions required of them. The trial court ordered that Appellants must comply with Texas Health and Safety Code Section 756.042 if they wish to continue operating the property as a shooting range prior to trial. Section 756.042 requires an outdoor shooting range to construct and maintain the range according to standards that are "at least as stringent as the standards printed in the National Rifle Association range manual." TEX. HEALTH & SAFETY CODE ANN. § 756.042 (West 2010).

The injunction also includes an illustrative list of several specific matters from the NRA Range Manual that Appellants must undertake in order to continue operating before resolution of the merits. Among other things, the injunction requires Appellants to (1) create a safety plan in accordance with the standards found within the NRA Range Manual, (2) establish a written maintenance plan and procedure to ensure that range employees comply with the plan, (3) construct safety baffles and backstops if necessary to comply with the NRA manual's minimum safety standards, (4) construct and design benchrests based on the NRA Range Manual, (5) slope the floor of the range downwards towards the targets, (6) ensure that all range distances comply with the minimum distances in the NRA Range Manual, and (7) appoint range officers and require their presence at all times during the hours of operation.[2]

It is true that the temporary injunction does not specifically define how the matters enumerated in the temporary injunction are to be performed. But under the previously discussed standards, the trial court was not necessarily required to specify every single step that Appellants must take. Instead, the temporary injunction must describe, in "reasonable detail," the actions Appellants must take. *See* TEX. R. CIV. P. 683; ***San Antonio Bar Ass'n***, 291 S.W.2d at 702; ***Rugen***, 864 S.W.2d at 552. The temporary injunction includes references to the standards

---

[2] These conditions precedent, and others, are more specifically described in the trial court's temporary injunction. However, this summary is representative of the specificity of the conditions precedent imposed. We also note that the trial court's injunction includes a condition precedent that Appellants comply with the noise abatement program in the NRA Range Manual. Appellants point to Local Government Code Section 250.001, which prohibits the homeowners from seeking an injunction based on noise. However, the order does not specifically prohibit noise per se. It requires a noise abatement program only as a condition precedent to Appellants' continued operation of the shooting range before trial. In other words, the order effectively prohibits further operations. Appellants recognized this in their briefing and at oral argument when they stated that the trial court has effectively closed the range by its temporary injunction. As we will discuss later in this opinion, the applicability of Section 250.001 is one of the key issues in the underlying suit.

4

contained in the NRA Range Manual, which is very specific on how to safely construct and operate a shooting range. Furthermore, the particular items complained of by Appellants (those identified in the temporary injunction) are components of the larger requirement that Appellants comply with Section 756.042 if they want to continue using the property as a shooting range before trial. Finally, as we have mentioned, the effect of the temporary injunction is that Appellants must cease operating the property as a shooting range, unless certain conditions precedent are met, until the merits of their suit are determined at a trial. Thus, rather than simply prohibiting operations altogether, the trial court gave Appellants the opportunity to continue operating prior to trial. There is no doubt about the clarity of the injunction's practical effect, and the parties agree that they understand the practical effect of the order.

We have reviewed the temporary injunction and the examples provided in the injunction in light of the statutory and common law standards we discussed earlier in this opinion. Based on these standards, we hold that Appellants had adequate notice of the acts required of them should they decide to continue operating prior to a final trial on the merits of the underlying lawsuit.

Appellants also argue that the temporary injunction is void because it refers to the NRA Range Manual. As we noted above, the temporary injunction may not describe the activities to be enjoined merely by referencing the complaint or other documents. *See* TEX. R. CIV. P. 683. So long as the injunction reasonably describes the activities to be enjoined, it may refer to such items as laws or ordinances. *See* **Maloy v. City of Lewisville, Tex.**, 848 S.W.2d 380, 385 (Tex. App.—Fort Worth 1993, no writ), *disapproved of on other grounds,* **Schleuter v. City of Fort Worth**, 947 S.W.2d 920 (Tex. App.—Fort Worth 1997, pet. denied) (holding that reference to ordinance is not improper reference to an "external document," because injunction "sufficiently describes the act sought to be enjoined[, and] reference to the ordinance, as stated in the injunction, is merely to give further notice as to the enjoined conduct, but the reference was unnecessary to give the appellants sufficient notice of that conduct"). As we have explained, the order here states that, to continue operating the subject property as a shooting range prior to trial, Appellants must comply with Texas Health and Safety Code Section 756.042, which in turn requires shooting ranges to comply with the NRA Range Manual. As we described above, the temporary injunction did not stop there, but went on to describe in reasonable detail specific actions required of Appellants should they desire to continue operating. We conclude that the

order itself reasonably described the conditions precedent to further operation as a shooting range.

Moreover, even if some of the conditions precedent in the temporary injunction were described in more general terms than other items and could have been more clear, the NRA Range Manual is attached as an exhibit to the order and incorporated into it. Rule 683 is not violated when documents are attached to the injunction and referred to it as part of the injunction, because the attachments become part of the injunction itself. *See **Tex. Pet Foods, Inc. v. State***, 529 S.W.2d 820, 829 (Tex. Civ. App.—Waco 1975, writ ref'd n.r.e.).

Appellants' first issue is overruled.

### STATUS QUO

In their fifth issue, Appellants contend that the trial court abused its discretion in issuing the temporary injunction because the injunction disturbs the status quo.

**Standard of Review and Applicable Law**

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. ***Butnaru v. Ford Motor Co.,*** 84 S.W.3d 198, 204 (Tex. 2002). When framed in terms of property rights, the purpose of a temporary injunction is to preserve the original status of the property pending a final decision on the rights of the parties. ***Khaledi v. H.K. Global Trading, Ltd.***, 126 S.W.3d 273, 285 (Tex. App.—San Antonio 2003, no pet.).

The status quo is defined as the last actual, peaceable, noncontested status that preceded the pending controversy. ***In re Newton,*** 146 S.W.3d 648, 651 (Tex. 2004). "If an act of one party alters the relationship between that party and another, and the latter contests the action, the status quo cannot be the relationship as it exists after the action." ***Benavides Indep. Sch. Dist. v. Guerra,*** 681 S.W.2d 246, 249 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). The continuation of illegal conduct cannot be justified as preservation of the status quo. ***In re Newton,*** 146 S.W.3d at 651; ***Houston Compressed Steel Corp. v. State,*** 456 S.W.2d 768, 773 (Tex. Civ. App.—Houston [1st Dist.] 1970, no writ) ("In an injunction case wherein the very acts sought to be enjoined are acts which prima facie constitute the violation of expressed law, the status quo to be preserved could never be a condition of affairs where the respondent would be permitted to continue the acts constituting that violation.").

In determining whether to order a temporary injunction, the trial court balances the equities of the parties and the resulting conveniences and hardships. *Surko Enters., Inc. v. Borg-Warner Acceptance Corp.*, 782 S.W.2d 223, 225-26 (Tex. App.—Houston [1st Dist.] 1989, no writ). We review a trial court's order granting or denying a temporary injunction under an abuse of discretion standard. *Butnaru*, 84 S.W.3d at 204. The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.* In reviewing an order granting or denying a temporary injunction, we draw all legitimate inferences from the evidence in a manner most favorable to the trial court's judgment. *Dallas Anesthesiology Assocs., P.A. v. Tex. Anesthesia Group, P.A.,* 190 S.W.3d 891, 896 (Tex. App.—Dallas 2006, no pet.); *TMC Worldwide, L.P. v. Gray*, 178 S.W.3d 29, 36 (Tex. App.—Houston [1st Dist.] 2005, no pet.). A trial court does not abuse its discretion when it bases its decision on conflicting evidence, as long as some evidence in the record reasonably supports the trial court's decision. *Butnaru*, 84 S.W.3d at 211.

**Discussion**

Here, the temporary injunction prohibits further operations unless Appellants comply with Section 756.042. Thus, the trial court has essentially decided that the status quo was the point in time immediately prior to Appellants' operation of the shooting range. Dr. David Ball testified at the temporary injunction hearing that he believed bullets left the shooting range and entered his property. His credibility was for the trial court to decide. *See id.* Richard Whiting, the expert retained by the homeowners to evaluate the shooting range, concluded that bullets had likely left the facility and struck trees near the vicinity of the homeowners' properties. The parties also offered conflicting evidence as to whether bullets were actually exiting the property, but again, that was a matter for the trial court to resolve. *See id.* In addition, both experts implicitly stated that the shooting range was not safe from the time it began operating. In fact, Appellants have since implemented some, but not all, of the changes to the shooting range recommended by the experts.

Appellants argue that they operated the shooting range prior to the date the homeowners filed suit, and consequently, at the time suit was filed, the status quo was the property's continued use as a shooting range. This presupposes that the activity conducted on the date suit was filed necessarily controls the status quo determination. However, the status quo is the last

actual, peaceable, noncontested status that preceded the controversy. *See In re Newton,* 146 S.W.3d at 651. The fact that it took some time before the danger became apparent to the homeowners does not necessarily fix the status quo on the date suit was filed.

In light of the standards discussed above, and based on the record before us, we cannot conclude that the trial court abused its discretion in restricting Appellants' ability to operate the property as a shooting range until a trial on the merits could be held. In other words, the trial court acted within its discretion in determining that the last actual, peaceable, noncontested status that preceded the controversy was prior to the property's use as a shooting range.

Appellants' fifth issue is overruled.


## REMAINING ISSUES

In their second issue, Appellants argue that Texas Health and Safety Code Section 756.042, which they allege forms the basis of the trial court's temporary injunction, is unconstitutional and unenforceable. In their third issue, Appellants contend that Texas Local Government Code Section 250.001 prohibits the homeowners' suit based upon noise when no applicable county ordinance, order, or rule regulating noise exists. Appellants, in their fourth issue, argue that "Texas recently signed into law the Gun Range Protection Act, which prohibits [the homeowners] from suing High Noon for injunctive relief or abatement of a nuisance relating to the discharge of firearms."

Appellants' second, third, and fourth issues are in fact unresolved contested issues in the underlying case. The state of the law on these matters, and how the law applies to the particular facts of this case, is unclear, especially at the temporary injunction stage of the proceedings. These issues are best left to be determined at a full trial on the merits. *See Tex. Dep't of State Health Servs. v. Holmes*, 294 S.W.3d 328, 333-34 (Tex. App.—Austin 2009, pet. denied) (holding that trial court does not abuse discretion in issuing temporary injunction when question of whether challenged activity constitutes illegal conduct "is the central question of the suit," and "should be determined with a full trial on the merits") (citing *In re Newton,* 146 S.W.3d at 651; *City of Arlington v. City of Fort Worth*, 873 S.W.2d 765, 769 (Tex. App.—Fort Worth 1994, writ denied)).

The parties may not use an appeal of a temporary injunction ruling to obtain an advance ruling on the merits of their dispute. *Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab*

8

*Operators, USA*, 335 S.W.3d 361, 364 (Tex. App.—Dallas 2010, no pet.) (citing *Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex. 1981); *Hiss v. Great North Am. Cos.*, 871 S.W.2d 218, 219 (Tex. App.—Dallas 1993, no writ)).  Furthermore, this court has no jurisdiction to issue advisory opinions.  *See id.* (citing *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (per curiam)).  Additionally, temporary injunction appeals should not be cause for trial delay, and often, "the fastest way to cure the hardship of an unfavorable preliminary order is to try the case on the merits."[3] *Brar v. Sedey*, 307 S.W.3d 916, 920 (Tex. App.—Dallas 2010, no pet.) (citing *Hiss*, 871 S.W.2d at 219).

These principles have recently been applied in a case very similar to the case at hand. *See generally* **Morgan Sec. Consulting, LLC v. Kaufman County**, No. 05-12-00721-CV, 2013 WL 373282 (Tex. App.—Dallas Jan. 31, 2013, no. pet. h.) (slip op.).  There, Kaufman County sued Morgan Security Consulting, seeking injunctive relief requiring Morgan to operate its shooting range safely under the law, or to cease operations.  *Id.* at *1.  The parties raised issues similar to those  in the case before us.  *Id.*  The trial court found that the range was operating in close proximity to a residential area in an unsafe manner, and issued a temporary injunction prohibiting further operations pending the outcome of the underlying suit.  *Id.*  Morgan appealed. *Id.*  The Dallas court of appeals concluded that the parties sought an advance ruling on the merits, that the court was not permitted to provide an advisory opinion, and that the appeal resulted in unnecessary delay.  *Id.* at *1-2.  The court then dismissed the appeal.[4] *Id.* at *2.

In light of the foregoing authority, we do not address Appellants' second, third, and fourth issues, because they have not fully been developed at a trial on the merits.  To make judgments on those matters would constitute an advance ruling on the merits and would amount to an advisory opinion, which of course we are not permitted to issue.  *See* **Dallas/Fort Worth Int'l Airport Bd.**, 335 S.W.3d at 364.

We note that the case has been continued by the trial court pending the resolution of this appeal.  The more prudent course of action is that trial courts and litigants should "proceed

---

[3] Unlike most other permissible interlocutory appeals, an appeal from a temporary injunction does not stay the proceedings in the trial court.  TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West Supp. 2012); *Brar v. Sedey*, 307 S.W.3d 916, 920 (Tex. App.—Dallas 2010, no pet.) (concluding that *Hiss* remains current Texas law in light of Section 51.014(b)).

[4] Since we reached the issues of whether the temporary injunction met the requirements of Texas Rule of Civil Procedure 683 and whether the order maintains the status quo, we need not dismiss the appeal as the court did in *Morgan Security Consulting*.

expeditiously from the grant or denial of temporary injunctive relief to full consideration of the merits to reduce the need for interlocutory appeals." *See **Brar***, 307 S.W.3d at 920 (stating that trial's continuance pending appeal of temporary injunction results in unnecessary delay) (citing ***Hiss***, 871 S.W.2d at 219); *see also **Morgan Sec. Consulting,*** 2013 WL 373282, at *1-2.

Appellants' second, third, and fourth issues are premature, and we decline to address them as part of this appeal.


## DISPOSITION

Having overruled Appellants' first and fifth issues, and having determined that Appellants' remaining issues are not properly before us at this juncture, we ***affirm*** the temporary injunction of the trial court, and urge counsel and the trial court to ***proceed expeditiously to a trial on the merits***.


**JAMES T. WORTHEN**
Chief Justice


Opinion delivered March 28, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 28, 2013**

**NO. 12-12-00219-CV**

**DONALD LAYTON, JUDY LAYTON, KARL ARTMIRE, MISTY ARTMIRE,
AND PAMELA LAYNE d/b/a HIGH NOON GUN RANGE,
AND HIGH NOON GUN CLUB, INC.,**
Appellants
V.
**DAVID W. BALL, SARA BALL, JERRY HANNAH,
PEGGY HANNAH, JOHN JONES, MARTHA JONES, DENNIS O'NEAL,
LINDA O'NEAL, CLIFFORD F. ROCKWELL, HELEN E. ROCKWELL,
JOHNNIE WANGER AND NANCY WANGER,**
Appellees

Appeal from the 241st Judicial District Court
of Smith County, Texas. (Tr.Ct.No. 11-2454-C)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order granting a temporary injunction.

It is therefore ORDERED, ADJUDGED and DECREED that the temporary injunction of the trial court below **be in all things affirmed**, and counsel and the trial court are urged to **proceed expeditiously to a trial on the merits**; and that all costs of this

appeal are hereby adjudged against the appellants, **DONALD LAYTON, JUDY LAYTON, KARL ARTMIRE, MISTY ARTMIRE, AND PAMELA LAYNE d/b/a HIGH NOON GUN RANGE, AND HIGH NOON GUN CLUB, INC.,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*