**Order entered April 19, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01140-CV

### DOUBLE DIAMOND-DELAWARE, INC. ET AL., Appellants

### V.

### JOHN AND CATHY WALKINSHAW, ET AL., Appellees

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-10333-J**

## ORDER

By letter dated April 15, 2013, appellees informed the Court that by order dated April 8, 2013, the trial court granted appellees' motion for partial summary judgment and permanent injunctive relief relating to the maintenance fees levied by appellants for golf course maintenance and the "food and beverage program." By letter dated April 15, 2013, the Court directed the parties to advise the Court why the temporary injunction before the Court was not moot. In response, appellants requested that the case be removed from submission so that the parties could file a permissive appeal and consolidate that appeal with this appeal. Appellees responded that the pending appeal is moot.

On the Court's own motion, this appeal is **REMOVED** from submission on April 23, 2013.

We **ORDER** the Dallas County District Clerk to file a supplemental clerk's record, within **TEN DAYS** of the date of this order, containing: (1) appellees' December 20, 2012 motion for partial and no-evidence summary judgment motion, any responses to that motion, and the trial court's April 8, 2013 order granting appellees' motion; (2) appellants' December 7, 2012 motion for partial summary judgment, and any responses or orders pertaining to that motion; and (3) any correspondence by any party to the trial court or any correspondence from the trial court to any party from December 7, 2012 through the date of this order.

Once the supplemental clerk's record is filed, appellants are directed to file, within **TEN DAYS**, a jurisdictional brief, containing applicable authority and record citations, regarding the question of whether the trial court's April 8, 2013 order mooted the temporary injunction pending before the Court. Appellees are directed to file any response, likewise containing applicable authority and record citations, within **TWENTY DAYS** of the date the supplemental clerk's record is filed. **No extensions will be granted**.

After the Court has received briefs regarding the jurisdictional issue, the Court will either: (1) dismiss the appeal for want of jurisdiction; or (2) reset the case for submission.

We remind the parties that the sole issue before the trial court in a temporary injunction hearing is whether the applicant may preserve the status quo pending the trial on the merits. *Dallas/Fort Worth Intern. Airport Bd. v. Ass'n of Taxicab Operators, USA*, 335 S.W.3d 361, 364 (Tex. App—Dallas, 2010, no pet.); *Hiss v. Great N. Am. Cos.,* 871 S.W.2d 218, 219 (Tex. App—Dallas, 1993, no writ). This Court, in turn, limits its appellate review to whether the trial court abused its discretion in entering the interlocutory order. *Hiss*, 871 S.W.2d at 219. An appeal of a temporary injunction should not be cause for trial delay. *Id.* Seeking an abatement, stay, or continuance in the trial court while the court of appeals considers an interlocutory appeal

increases delay and expense. *Id.* The fastest way to cure the hardship of an unfavorable preliminary order is to try the case on the merits. *Id.* Further, a party may not use an appeal of a temporary injunction ruling to get an advance ruling on the merits because this Court does not have jurisdiction to issue advisory opinions. *Dallas/Fort Worth*, 335 S.W.3d at 364.

We **DIRECT** the Clerk of the Court to send a copy of this order to all parties and to Gary FitzSimmons,, Dallas County District Clerk.

/s/    DOUGLAS S. LANG
JUSTICE