

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00012-CV

Burton **KAHN**,
Appellant

v.

**HELVETIA ASSET RECOVERY INC.**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18355
Honorable Karen H. Pozza, Judge Presiding

PER CURIAM

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice

Delivered and Filed:  July 16, 2014

DISMISSED AS MOOT

        This is an interlocutory appeal. On January 23, 2014, we issued an order noting that it seemed from Appellant Kahn's notice of appeal that he was complaining the trial court had not ruled on his Motion to Show Authority at a hearing held on December 11, 2013. Explaining that his notice of appeal did not point to an appealable interlocutory order, we ordered him to show cause why this appeal should not be dismissed for lack of jurisdiction. In response to our show cause order, Kahn stated that he is appealing from the trial court's temporary injunction. Because a person may appeal from an interlocutory order that grants or refuses a temporary injunction, *see*

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4), we retained this appeal on the docket of this court and reinstated appellate deadlines.

Appellee has now filed a motion to dismiss this appeal as moot, stating that the jury trial in the underlying cause began on May 12, 2014, and a unanimous verdict for Appellee was returned on May 21, 2014. Appellee attaches the trial court's final judgment, which was signed on June 11, 2014. The sole issue before a trial court in a temporary injunction hearing is whether the applicant should be able to preserve the status quo pending trial on the merits. *Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators*, 335 S.W.3d 361, 364 (Tex. App.—Dallas 2010, no pet.). An appellate court limits its review of the grant or denial of a temporary injunction to whether the trial court abused its discretion in signing the interlocutory order. *Hiss v. Great N. Am. Co.*, 871 S.W.2d 218, 219 (Tex. App.—Dallas 1993, no writ). If the trial court signs a final judgment during the pendency of the appeal of the order granting or denying an application for a temporary injunction, the case on appeal becomes moot. *Isuani v. Manske-Sheffield Radiology Group*, 802 S.W.2d 235, 236 (Tex. 1991). Because final judgment has now been entered, we grant appellee's motion to dismiss and dismiss this appeal as moot.

PER CURIAM