

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00030-CV

———————————————

ALPHA ADVENTURE RANCH AT NOCONA, LLC, Appellant

V.

WARRIOR GOLF MANAGEMENT, LLC, Appellee

On Appeal from the 97th District Court
Montague County, Texas
Trial Court No. 2018-0451M-CV

Before Birdwell, Bassel, and Wallach, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

This is an appeal from the trial court's denial of an application for a temporary injunction in which Appellant Alpha Adventure Ranch at Nocona, LLC sought to enjoin a foreclosure sale. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4). In a single issue, Appellant challenges that denial. In the trial court, Appellant conceded that it had failed to pay an installment on the note it had executed as part of the purchase of a golf course. Appellant sought to avoid the effect of that default by arguing that because of a unique provision in the note, the failure to make the payment did not constitute an event of default that entitled the noteholder to exercise its rights to foreclose under the deed of trust securing the note's payment. The trial court, however, also heard evidence that property taxes had not been paid and that the failure to pay those taxes constituted a default under the terms of the deed of trust. Appellant does not argue that the unique note term it had relied on to avoid foreclosure for the failure to pay an installment also applies to the separate default for the failure to pay property taxes. The only challenge Appellant raises to the property-tax default is its pending dispute with the taxing authority about the amount owed. A trial court does not abuse its discretion when the evidence conflicts on whether there is a basis for injunctive relief, and the contention regarding whether there was an excuse for not paying the property taxes presented only a fact question, which the trial court apparently resolved against Appellant. With evidence before the trial court of

2

an uncured event of default that permitted foreclosure under the terms of the deed of trust, the trial court did not abuse its discretion by denying Appellant's application for a temporary injunction. We affirm.

## II. Factual and procedural background

Appellant executed a note, secured by a deed of trust, as part of its purchase of a golf course. When Appellee Warrior Golf Management, LLC (the noteholder) sought to foreclose based on several defaults, one of which was the failure to make an installment payment, Appellant sought a temporary injunction to stop the foreclosure. Appellant conceded that the installment payment was not made but argued that the note's unique terms did not make that failure an event of default that permitted foreclosure but instead caused the unpaid installment to be rolled into the balance due on the note's maturity. The trial court initially issued a temporary restraining order, suspending the noteholder's attempt to foreclose.

The noteholder challenged Appellant's construction of the note that permitted it to avoid foreclosure and also alleged that Appellant had failed to pay more than $20,000 in property taxes required under the deed of trust securing the note's payment. Indeed, the deed of trust provides both that Appellant "will pay all taxes and other rates levied on the Property" and that a default occurs "if the Trustor

defaults in the observance or performance of any term or covenant which the Trustor has agreed to observe or perform under this Trustor[1] or elsewhere."

With these clashing arguments teed up, the trial court held a temporary-injunction hearing. Neither side presented oral testimony, but the noteholder introduced, without objection, a tax statement from the local taxing authority that the noteholder's counsel represented showed Appellant's unpaid taxes. Appellant did not dispute that the face of the statement showed unpaid taxes, but Appellant's counsel claimed that there was a pending dispute with the taxing authority about the description of the property and, thus, a dispute about the amount of taxes owed.

The trial court denied the temporary injunction and entered an order that stated,

> After considering the pleadings of [Appellant] and [the noteholder] and argument of their counsel, the Court found the following:
>
> That [the noteholder] had the right under the terms of the Note and Deed of Trust at issue to foreclose the lien created by the Deed of Trust lien after proper notice and opportunity by [the noteholder] had been given, as provided in said Deed of Trust;
>
> That [the noteholder] gave [Appellant] proper notice and opportunity to cure in this matter, before Notice of Foreclosure was filed;
>
> That the allegations set forth in [Appellant's] Application for Injunctive Relief are without merit.

---

[1]This reference to "Trustor" appears to be a typographical error; we assume that it is a reference to the deed of trust.

## III. Analysis

A trial court's denial of a temporary injunction is tested under an abuse-of-discretion standard. *Schmitz v. Denton Cty. Cowboy Church*, 550 S.W.3d 342, 363 (Tex. App.—Fort Worth 2018, pet. denied) (mem. op. on reh'g). "A trial court does not abuse its discretion when it bases its decision on conflicting evidence, as long as some evidence in the record reasonably supports the trial court's decision." *Layton v. Ball*, 396 S.W.3d 747, 754 (Tex. App.—Tyler 2013, no pet.) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002) (op. on reh'g)).

To obtain a temporary injunction to forestall a foreclosure, the party seeking the injunction must establish a probable right to recovery based on a lienholder's wrongful attempt to foreclose. *Branch Banking & Tr. Co. v. TCI Luna Ventures*, No. 05-12-00653-CV, 2013 WL 1456651, at *5 (Tex. App.—Dallas Apr. 9, 2013, no pet.) (op. on reh'g) ("Because BB & T demonstrated that TCI Luna did not establish a probable right to recover on its wrongful foreclosure claims, the temporary injunction order is not supportable on this basis.").

Here, the trial court had the discretion to find that the noteholder was not acting wrongfully in seeking to foreclose. Whether Appellant had defaulted by its failure to pay the property taxes was a matter on which the evidence conflicted, and there is evidence in the record to support the trial court's resolution of that issue. Appellant does not argue that the note provision that forestalled foreclosure for its failure to make an installment payment would also forestall foreclosure for its failure

5

to pay the property taxes. The trial court appears to have resolved the question regarding whether the property taxes were owed adversely to Appellant as it was entitled to do. Thus, the record establishes that there was a default that permitted the noteholder to proceed with foreclosure; for this reason, Appellant failed to establish a probable right that the noteholder was acting wrongfully in foreclosing. *See Wright v. First Nat'l Bank of Bastrop*, No. 03-12-00594-CV, 2013 WL 1748741, at *3 (Tex. App.—Austin Apr. 19, 2013, no pet.) (mem. op.) (stating that "at the time the court considered the request for a temporary injunction, the Bank had provided Wright with the relief she sought—an opportunity to cure her defaults and avoid acceleration of the note and subsequent foreclosure" and concluding that the trial court did not abuse its discretion in denying the request for a temporary injunction).

Admittedly, the record in this case is unusual because neither party offered oral testimony, but each offered exhibits and stated what the evidence would show to no objection. When the parties adopt this method of presentation, the trial court may accept their statements as evidence. *See Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 380 (Tex. App.—Fort Worth 2004, pet. denied) ("Although an attorney's statements must be under oath to be considered evidence, the opponent of the testimony can waive the oath requirement by failing to object when an objection is necessary." (citing *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (per curiam))); *see also Anderson v. Safeway Tom Thumb*, No. 02-18-00113-CV, 2019 WL 2223582, at *11–12 (Tex. App.— Fort Worth May 23, 2019, pet. denied) (mem. op.) (per curiam) (same).

6

And before us, Appellant's only challenge to the noteholder's claim that Appellant was in default for failing to pay the property taxes is the same factual challenge that it raised in the trial court:

> Additionally, in oral argument [by Appellant's counsel], Appellant noted an issue with property taxes that was caused by Appellee – in that the county tax records inaccurately reflected the amount of acreage of the property. Either Appellee did not transfer the number of acres agreed, or the taxing entity was taxing property that was not transferred to Appellant. Therefore, a legitimate, good-faith objection [that] the proposed tax amount due exists, which has no bearing on this case.

But taking Appellant's counsel's statement as testimony, it created only competing evidence. Just as if a representative of Appellant had testified, the testimony relied on the word of an interested witness that an issue with the taxing authority existed. There was no uncontroverted testimony by a disinterested witness, such as a representative of the taxing authority, that the asserted issue existed. The statement of an interested witness presents only a question of credibility, and resolving credibility issues is solely the job of the factfinder. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005) (stating that factfinders "are the sole judges of the credibility of the witnesses and the weight to give their testimony. They may choose to believe one witness and disbelieve another. Reviewing courts cannot impose their own opinions to the contrary" (footnotes omitted)); *HealthTronics, Inc. v. Lisa Laser USA, Inc.*, 382 S.W.3d 567, 582 (Tex. App.—Austin 2012, no pet.) ("The trial court, as factfinder, is the sole judge of the credibility of the witnesses and the weight to give their testimony.").

Thus, the record reveals conflicting evidence about the existence of a default, and we may not substitute our judgment for that of the trial court in resolving that conflict. *See Street v. Chance*, No. 02-18-00409-CV, 2019 WL 2293185, at *1 (Tex. App.—Fort Worth May 30, 2019, no pet.) (mem. op.) ("An abuse of discretion does not occur when the trial court bases its decisions on conflicting evidence, . . . and we may not substitute our judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion." (citing *Butnaru*, 84 S.W.3d at 204)). The trial court's resolution of a credibility question is exclusively in its province as the factfinder. The resolution of that question gave the trial court the basis to find that the noteholder was properly exercising its right to foreclose and thus that Appellant had failed to establish the probable right of recovery necessary for a temporary injunction to issue. Accordingly, we hold that the trial court acted well within its discretion by denying the temporary injunction sought by Appellant, and we overrule Appellant's sole issue.

## IV. Conclusion

Having overruled Appellant's sole issue, we affirm the trial court's order denying Appellant's application for a temporary injunction.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: December 12, 2019

8