**PUBLIC UTILITY COMMISSION OF TEXAS, Appellant,**

v.

**COALITION OF CITIES FOR AFFORDABLE UTILITY RATES, et al., Appellees.**

**GULF STATES UTILITIES COMPANY, Appellant,**

v.

July 19, 1989.

Mandamus Granted and Stay Ordered Aug. 7, 1989.

See also 776 S.W.2d 221 and 776 S.W.2d 224.

Jim Mattox, Atty. Gen., Susan D. Bergen, Karen Pettigrew, Asst. Attys. Gen., Austin, for Public Utility Com'n of Texas.

Jim Boyle, Law Offices of Jim Boyle, Austin, for Cities for Affordable Rates.

Jim Mattox, Atty. Gen., W. Scott McCollough, Asst. Atty. Gen., Austin, for the State.

Grace Casstevens, Butler & Casstevens, Austin, for Cities of Bridge City, et al.

Kenneth G. Hurwitz, Ritts, Brickfield & Kaufman, Washington, D.C., for North Star Steel of Texas.

John L. Laakso, Asst. Public Counsel, Austin, for Office of Public Utility Counsel.

Barry Bishop, Clark, Thomas, Winters & Newton, Austin, for Gulf States Utilities Co.

Before SHANNON, C.J., and CARROLL, J.

## ORDER

PER CURIAM.

The Public Utility Commission of Texas and Gulf States Utilities Company, appellants in the above causes, have filed, in this Court, their motions to set aside district court's order of severance and final judgment. Tex.R.App.P.Ann. 43(f) (Supp.1989). We will grant the motions.

In the underlying cause, the district court of Travis County, on May 15, 1989, entered its amended order granting temporary injunction. That order enjoins the Commission from "permitting or sponsoring" proceedings involving litigation of the prudence of Gulf States Utilities Company's investment in the River Bend Nuclear Power Project in Docket No. 8702, currently pending in the Commission. The Commission filed its notice of appeal and supersedeas with the district court on May 15, 1989; Gulf States Utilities Company filed its appeal bond on May 1, 1989. Tex.R. App.P.Ann. 40, 42 (Supp.1989).

Thereafter, this Court granted the Commission's motion to accelerate appeal and heard arguments in the causes on June 21, 1989. On July 10, 1989, pursuant to appellees' motion, the district court entered an order of severance and a final judgment in the cause below. By its orders, the court severed appellees' request for declaratory judgment and writ of prohibition or injunction from the administrative appeals and permanently enjoined the Commission from "holding hearings on or reconsidering the prudence of the cost to construct" the River Bend Nuclear Power Project. The relief granted substantially duplicates the relief in issue in the pending appeals.

Regarding pending appeals from interlocutory orders, Tex.R.App.P.Ann. 43(d) (Supp.1989) provides that

the trial court retains jurisdiction of the cause and may issue further orders ... but the court shall make no order granting substantially the same relief as that granted by the order appealed from ... or any order that would interfere with or impair the effectiveness of any relief sought or granted on appeal.

*Eastern Energy, Inc. v. SBY Partnership,* 750 S.W.2d 5 (Tex.App.1988, no writ) (purpose of Rule 43 is to prevent trial court's interference with appellate court's power to grant relief in interlocutory appeal); *but see Conway v. Irick,* 429 S.W.2d 648 (Tex. Civ.App.1968, writ ref'd) (decided before amendment of Tex.R.Civ.P. 385b, now Rule 43). Because a temporary injunction expires when a final judgment is entered, the district court's action effectively moots the causes pending before this Court. *Conway,* 429 S.W.2d at 650; *see Matlock v. Data Processing Security, Inc.,* 618 S.W.2d 327 (Tex.1981) (purpose of temporary injunction is to preserve status quo pending trial on the merits). Accordingly, the district court's final judgment interferes with or impairs the relief appellants seek in this Court. *See generally Mote Resources, Inc. v. Railroad Comm'n of Texas,* 618 S.W.2d 877 (Tex.Civ.App.1981, orig. proceeding); *Duncan v. Dripping Springs Ind. School District,* 612 S.W.2d 644 (Tex.Civ.App.1981, orig. proceeding); Tex.Gov't Code Ann. § 22.221(a) (1988) (ap-

pellate court's power to protect its jurisdiction). Furthermore, the final judgment grants substantially the same relief as that granted in the order appealed from.

We, therefore, grant appellants' motions to set aside district court's order of severance and final judgment. This Court directs that the district court shall immediately set aside its order of severance, entered on July 10, 1989, in cause no. 447,502 (consolidated) styled "Coalition of Cities for Affordable Rate Relief, et al., Plaintiffs v. Public Utility Commission and Gulf States Utilities Company, Defendants," and its final judgment, entered on July 10, 1989, in cause no. 447,502–A styled "Coalition of Cities for Affordable Utility Rates, et al., Plaintiffs v. Public Utility Commission of Texas and Gulf States Utilities Company, Defendants."

It is so ordered this 19th day of July 1989.