**PUBLIC UTILITY COMMISSION OF TEXAS, et al., Appellants,**

v.

**COALITION OF CITIES FOR AFFORDABLE UTILITY RATES, et al., Appellees.**

**No. 3–89–167–CV.**

Court of Appeals of Texas, Austin.

Sept. 20, 1989.

Rehearing Denied Oct. 11, 1989.

---

Jim Mattox, Atty. Gen., Susan D. Bergen, Karen Pettigrew, Asst. Attys. Gen., Austin, for Public Utility Com'n.

John F. Williams, Clark, Thomas, Winters & Newton, Austin, for Gulf States Utilities Co.

Jonathan W. Needle, Law Offices of Jim Boyle, Austin, for Cities for Affordable Utility Rates.

C. Kingsberry Ottmers, Public Counsel, John L. Laakso, Asst. Public Counsel, Austin, for Office of Public Utility Counsel.

Grace Hopkins Casstevens, Butler & Casstevens, Austin, for Cities of Bridge City, et al.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellees, Coalition of Cities for Affordable Utility Rates and others, filed a declaratory judgment suit in the district court of Travis County pursuant to Tex.Civ.Prac. & Rem.Code Ann. §§ 37.001–37.011 (1986 & Supp.1989). By their suit, appellees sought a declaration that appellant, Public Utility Commission of Texas, had no authority to entertain a hearing concerning the prudence *vel non* of appellant Gulf States Utilities Company's investment of $1.4 billion in the River Bend Nuclear Generating Station. Ancillary to their declaratory judgment suit, appellees sought injunctive

relief prohibiting the Commission from conducting such hearing.

After hearing, the district court signed a temporary injunctive order prohibiting the Commission from going forward with its hearing. This Court dissolved the temporary injunction. *Public Utility Com'n v. Coalition of Cities, et al.,* 776 S.W.2d 224 (Tex.App.1989).

While the appeal of the temporary injunction was pending in this Court, the district court signed the final judgment permanently enjoining the Commission from conducting its hearing. It is from the final judgment that appellants have taken this appeal. We will reverse the judgment and dissolve the permanent injunction.

This appeal arose from consolidated administrative appeals to district court from the Commission's order in Docket No. 7195. In Docket No. 7195, Gulf States sought an electrical rate increase predicated upon, among other things, rate base recognition of its investment in River Bend. The appellees challenged Gulf States' prudence in determining in 1979 to go forward with the construction of River Bend. After a protracted evidentiary hearing, the Commission entered its order in Docket No. 7195 setting rates and therein recognizing Gulf States' prudence in investing some $2.273 billion in the construction of River Bend. By further provisions of its order, however, the Commission sought to defer for a later hearing the determination of the prudence of an additional $1.4 billion investment by Gulf States in River Bend. Thereafter, in March 1989, Gulf States filed with the Commission its new rate case, Docket No. 8702, in which it requested rate base recognition of the $1.4 billion in River Bend construction costs. The Commission has scheduled the matter for hearing. The district court after hearing in the declaratory judgment suit then signed the judgment and permanent injunctive order now under consideration. The district court's permanent injunction prohibits the Commission from going forward with the hearing in Docket No. 8702.

The central premise in the district court's judgment is that the Commission's order in Docket No. 7195 passed upon the "prudence issues" and that, as a result, the principles of res judicata and collateral estoppel barred the Commission from conducting the second hearing in Docket No. 8702.[1] Appellants attack the district court's conclusion.

The Latin phrase "res judicata" means that the matter has been adjudged, a thing judicially determined, or a matter settled by judgment. The principle of res judicata is an old one founded upon public policy. Its function is to expedite justice by ending litigation and preserving the sanctity of judgments. *Abbott Laboratories v. Gravis,* 470 S.W.2d 639 (Tex.1971); *Stewart v. City of Austin,* 744 S.W.2d 682 (Tex.App. 1988, writ ref'd). An existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit. *Permian Oil Co. v. Smith,* 129 Tex. 413, 107 S.W.2d 564 (1937). The common law rule of res judicata as applied in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried. *Ogletree v. Crates,* 363 S.W.2d 431 (Tex.1963).

Under proper circumstances, the principles of res judicata are applicable to administrative orders. *Sexton v. Mount Olivet Cemetery Ass'n,* 720 S.W.2d 129 (Tex.App. 1986, writ ref'd n.r.e.); *Al–Jazrawi v. Texas Bd. of Land Surveying,* 719 S.W.2d 670 (Tex.App.1986, writ ref'd n.r.e.); *Champlin Exploration, Inc. v. Railroad Com'n,* 627 S.W.2d 250 (Tex.App.1982, writ ref'd n.r.e.).

Resolution of the present appeal hinges upon analysis of the Commission's order.

---

1. The district court overlooked the fact that res judicata and collateral estoppel are affirmative defenses which appellees should raise in due course at the Commission in Docket No. 8702. If unsuccessful at the agency level, then appellees may pursue those defenses through the ordinary administrative appeal process.

If, indeed, the Commission deferred for later determination the prudence of the $1.4 billion costs of construction of River Bend, then the principles of res judicata are inapplicable. On the other hand, if there was no deferral of that matter, then the order in Docket No. 7195 may be asserted as a bar in the Docket No. 8702 proceeding.

The Commission incorporated its findings of fact and conclusions of law into its order. In that connection, the Commission adopted its examiners' report in large part but rejected and modified it in other respects. Pertinent to the problem in this appeal, the examiners recommended the adoption of finding of fact no. 164 that nine percent of the total costs of the River Bend project be excluded as imprudent. The examiners also recommended the adoption of conclusion of law no. 10 that the principle of res judicata precludes any further litigation of the River Bend prudence issues. The Commission rejected the above described proposed finding of fact and conclusion of law and, instead, filed the following findings of fact nos. 164 and 164A and conclusion of law no. 10:

164. The preponderance of the evidence in this case establishes that $2.273 billion of River Bend capital costs were prudently and reasonably incurred. The evidence is inadequate to support a finding of either prudence or imprudence with regard to construction costs in excess of $2.273 billion, with the exception of the costs related to the 50–month schedule and TDI, addressed in Findings of Fact Nos. 133 and 145.

164A. GSU's share of all River Bend capital costs in excess of $2.273 billion should be excluded from plant in service *at this time* for lack of sufficient evidence as to the prudence and reasonableness of those costs. The amount which should be included in plant in service, given GSU's 70 percent share of the plant, is $1.5911 billion [emphasis added].

10. Pursuant to PURA Sections 16(a), 38, 39(a), and 41, the Commission may reexamine on rehearing or in a subsequent proceeding the prudence and reasonableness of those River Bend construction costs regarding which the evidence is inadequate to support a finding of either prudence or imprudence.

A judgment is construed like other written instruments. *Permian Oil Co. v. Smith,* 129 Tex. 413, 107 S.W.2d 564 (1937). If a judgment is unambiguous, the court's duty is to declare its effect in light of the literal meaning of the language employed. *Adams v. Adams,* 214 S.W.2d 856 (Tex.Civ. App.1948, writ ref'd n.r.e.). There is no reason that the same rules should not be applicable to agency orders.

From an examination of the findings and conclusions and particularly the language of findings of fact nos. 164 and 164A, and conclusion of law no. 10, this Court concludes that the Commission, in exercising its discretion in the control and management of its docket, resolved to postpone for a later determination the prudence *vel non* of Gulf States' investment of the additional $1.4 billion in the River Bend project.

That the Commission postponed its decision on the additional $1.4 billion investment was recognized by Commissioner Thomas in his "concurring" order, "I respectfully dissent from the decision of the majority to hold in abeyance $1.453 billion of the investment in the River Bend Nuclear Plan, to allow the company an opportunity to prove construction prudence on rehearing. In my opinion, the record was sufficiently developed to reach a final conclusion."

The district court further determined that although the Commission may not have ruled directly on the prudence issues of the $1.4 billion investment, it must have considered those issues in arriving at the findings and conclusions it made. The district court asserted in addition that even if the Commission did not consider those issues, Gulf States "had ample opportunity to have the issue considered, litigated and decided." In either event, opined the district court, the rule of res judicata barred subsequent assertion of the issue in Docket No. 8702.

This Court does not agree. We, of course, recognize and acknowledge the rule of res judicata that bars litigation of all

issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried. *Ogletree*, 363 S.W.2d 431. The rule of res judicata, however, has no application here. In its order, the Commission explicitly postponed the determination of one of Gulf States' major claims. The Commission's action in this respect may be compared to that of the trial court in severing a claim and proceeding separately with it. Tex.R. Civ.P.Ann. 41 (Supp.1989). No one would countenance a suggestion that res judicata bars litigation of the severed claim.

Finally, in support of its order, the district court noted in finding twelve that the utility complained in its administrative appeal of Docket No. 7195 of the Commission's failure to recognize the $1.4 billion sum as a prudent investment. As a result, concluded the district court, the Commission was without authority to proceed with its hearing in Docket No. 8702 because "that issue is pending before [the district court]."

As already discussed, the Commission in Docket No. 7195 made no final determination with respect to the prudence of the $1.4 billion investment. Rather, the Commission explicitly determined not to decide the prudence issue but instead to require additional proof in a further hearing.

To avoid possible waiver, the utility was required to complain in its administrative appeal of the Commission's refusal to go forward and recognize the $1.4 billion sum as a prudent investment. The utility's preservation of error in the administrative appeal, however, does not somehow deprive the agency of the power to proceed with a determination of the prudence of that investment in Docket No. 8702.

The judgment is reversed and the permanent injunction is dissolved.