**COALITION OF CITIES FOR AFFORDABLE UTILITY RATES et al., Relators,**

v.

**The THIRD COURT OF APPEALS, Respondent.**

**CITY OF BRIDGE CITY et al., Relators,**

v.

**The THIRD COURT OF APPEALS, Respondent.**

Nos. C–8889, C–8890.

Supreme Court of Texas.

April 25, 1990.

Grace Casstevens, Jim Boyle, John L. Laakso, W. Scott McCollough, Austin, for relators.

Susan D. Bergen, Barry Bishop, Austin, Rex D. VanMiddlesworth, Houston, Donald Clements, Beaumont, Kenneth G. Hurwitz, Washington, D.C., for respondents.

PER CURIAM.

When we granted leave to file these consolidated mandamus proceedings, the issue presented was whether the court of appeals abused its discretion by ordering the trial

court to set aside a permanent injunction granted while an interlocutory appeal of the prior temporary injunction was pending. Subsequent events, however, have rendered these causes moot. We therefore dismiss them, but in so doing, disapprove the action of the court of appeals.

Relators petitioned the trial court for temporary and permanent injunctive relief prohibiting the Public Utilities Commission from continuing rate proceedings involving Gulf States Utilities Co.'s construction of a nuclear power plant. The trial court granted a temporary injunction, and Gulf States and the PUC appealed. While this interlocutory appeal was still pending, the trial court granted a permanent injunction, and to make that judgment final, severed it from the remainder of the case. On motions by the PUC and Gulf States, the court of appeals issued a per curiam order directing the trial court to set aside the permanent injunction and order of severance on the ground that these orders interfered with the appellate court's jurisdiction over the interlocutory appeal from the temporary injunction. 776 S.W.2d 222. For authority, the court of appeals cited Rule 43 of the Texas Rules of Appellate Procedure. Relators then applied for mandamus relief in this court to direct the court of appeals to vacate its per curiam order and to dismiss the temporary injunction appeal as moot. We granted leave to file the mandamus petitions, and stayed the court of appeals' order.

The parties then perfected their appeal from the permanent injunction. The court of appeals issued an opinion in the interlocutory appeal, dissolving the temporary injunction. 776 S.W.2d 224. The court of appeals accelerated the appeal from the permanent injunction and concluded that it, too, should be dissolved. 777 S.W.2d 814. Certain of the relators and others then applied to this Court for writ of error in the permanent injunction appeal. We granted their application, and the merits of the per-

manent injunction are now before this court in a separate cause. *Coalition of Cities v. Public Utility Commission,* No. C–9287.

█  Both the PUC and Gulf States have filed motions to dismiss these mandamus proceedings as moot. Relators oppose these motions, arguing that if these proceedings are dismissed, the stay of the court of appeals' order would necessarily be vacated. Relators fear that the court of appeals' order would regain effect, requiring the trial court to set aside the permanent injunction and creating a jurisdictional cloud over their appeal from that final judgment. We conclude that relators' concerns are unfounded. Now that the court of appeals has considered the appeal from the permanent injunction, its prior order directing the trial court to set aside that judgment can no longer have effect. We conclude that these proceedings are indeed moot.

█  Therefore, a majority of the Court dismisses these mandamus causes and vacates our stay of the court of appeals' order. In so doing, however, we specifically disapprove the action of the court of appeals in ordering the trial court to set aside the permanent injunction. Trial courts are to be encouraged to proceed expeditiously from the granting or denying of temporary injunctive relief to full consideration of the merits so as to reduce the necessity for interlocutory appeals. For a court of appeals to stay proceedings in the trial court while it considers an interlocutory appeal increases delay and expense and should not be done absent compelling circumstances, circumstances lacking in this case.