**Carole A. BARNETT, Appellant,**

v.

**MANUEL GRIEGO, JR.,
D.O., P.A., Appellee.**

**No. 05–10–00895–CV.**

Court of Appeals of Texas,
Dallas.

Feb. 23, 2011.

Kent F. Brooks, Law Office of Kent F. Brooks, J., Dallas, TX, for appellant.

Shauna Izadi, Jason Friedman, Adam Louis Hoyt, Friedman & Feiger, LLP, for appellee.

Before Justices MOSELEY, MARTIN RICHTER, and LANG–MIERS.

## OPINION

Opinion By Justice MOSELEY.

This is an accelerated, interlocutory appeal from a temporary injunction. As explained herein, because the parties have delayed the trial of the merits of the underlying case in an effort to obtain an advisory opinion from this Court, we dismiss the appeal.

### Background

Appellee sued a former employee, appellant Carole A. Barnett, alleging that she caused herself to be paid more than the amounts to which she was entitled under the terms of her employment agreement.[1] Appellee sought a judgment for the amount of the alleged overpayments.

Appellee also sought and obtained a temporary injunction essentially freezing Barnett's assets during the pendency of

---

1. Appellee alleged causes of action for breach of contract, as well as conversion, theft, fraud, breach of fiduciary duty, and negligent misrepresentation.

the case.[2] The temporary injunction order set a bond, and set the case for trial on the merits on January 10, 2011.

Barnett filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(4) (West 2008). In a single issue, she contends the trial court abused its discretion by granting the temporary injunction.[3]

After the record and briefs were filed, we notified the parties on December 14, 2010 that the case was set for oral argument on February 8, 2011. Both parties waived oral argument.

## Discussion

■ After submission, the Court requested a supplemental record from the district clerk to determine the status of the underlying case. According to the supplemental clerk's record, on December 29, 2010, the parties filed an agreed motion for continuance in the trial court. The motion sought to postpone the January 10, 2011 trial setting because "there is currently an interlocutory appeal pending before the 5th Circuit [sic] Court of Appeals. The parties believe the issues before the Court of Appeals are important to the outcome of this case and would become law of the case." The trial court signed an agreed order granting the motion, and reset the case for trial in June 2011.

The appeal of a temporary injunction "shall constitute *no cause for delay* of the

2. The temporary injunction provides in part; THEREFORE, BY THIS ORDER, the Court ORDERS that Defendant Carole Barnett, her agents, servants, employees, representatives, all those with knowledge of this Order, including any banks or financial institutions with knowledge of this Order, and all those acting in concert with Defendant Carole Barnett are enjoined and immediately restrained from:
   a. Directly or indirectly, transferring, conveying, assigning, hypothecating or alienating funds, money or assets owned, possessed or controlled by Defendant from their current location to any place inside of or outside of the State of Texas, including off-shore or to a foreign country;
   c. [sic] Using and/or accessing any money in any of the bank accounts, safe deposit boxes or any other repository of money, owned, controlled, operated, in the possession of or under the constructive control of the Defendant Barnett, except to pay ordinary household expenses by her husband John Hearn;
   d. Destroying, transferring, conveying, assigning, hypothecating, alienating or hiding any documents in hard paper form and those found on computer hard drives, computer floppy disks, computer backup tapes or backup disks, or any other electronic media under the control, constructive control, or in the possession of any of the Defendants,

   e. Falsifying any written document or record, in any form, relating to any of the services provided to or money paid by Plaintiff;
   f. Making withdrawals from any checking or savings account in any financial institution for any purpose, and.
   g. Destroying, disposing of, or altering any financial records of the Defendants including but not limited to accounting records, ledgers, billing statements, tax returns, cash journals and records, records from financial institutions including canceled checks and deposit slips, all records of credit purchases or cash advances, and financial statements.

3. In support of her issue, Barnett's brief asserts several arguments, including: that the injunction constitutes an "impermissible end-run around the [requirements of] the prejudgment legal writs the legislature has authorized under limited circumstances as a means to secure payment of any subsequent money judgment ...."; that appellee failed to establish a probable right to recover on any of its claims against her; and that the temporary injunction improperly freezes assets unrelated to the subject matter of the suit. *See Nowak v. Los Patios Investors, Ltd.*, 898 S.W.2d 9, 10–11 (Tex.App.-San Antonio 1995, no writ) (reversing a temporary injunction freezing assets in an embezzlement case).

trial." Tex.R. Civ. P. 683 (emphasis added). We have repeatedly disapproved the practice of postponing the trial on the merits of a case in order to obtain a ruling on the appeal of a temporary injunction. *See Dallas/Fort Worth Int'l Airport Bd. v. Assoc. of Taxicab Operators, USA*, 335 S.W.3d 361, 366–67 (Tex.App.Dallas 2010, no pet.), and the cases cited therein. Such a practice delays the ultimate resolution of the merits of the parties' dispute and wastes judicial resources. *See id.*

 "Trial courts are to be encouraged to proceed expeditiously from the granting or denying of temporary injunctive relief to full consideration of the merits so as to reduce the necessity for interlocutory appeals." *Id.* (quoting *Coal. of Cities for Affordable Util. Rates v. Third Court of Appeals*, 787 S.W.2d 946, 947 (Tex.1990) (per curiam) (orig. proceeding)). Instead, the parties and the trial court here postponed a final resolution of the merits of the case, as well as extended the duration of the temporary injunction—the very order about which appellant complains—in part to obtain from this Court a ruling as to an order that is only interlocutory in nature. As we have said, judicial economy dictates that we not reward such efforts. *Id.*

Additionally, a party may not use an appeal of a temporary injunction ruling to get an advance ruling on the merits. *Id.* By seeking and obtaining a continuance of the trial setting, the parties are seeking an advisory opinion on the merits of their case. To quote from the parties' joint motion for continuance, to the extent "the issues before the Court of Appeals are important to the outcome of this case ...," the parties are seeking an advisory opinion from this Court. We have no jurisdiction to issue such opinions. *See id.* at 364 (citing *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex.2000) (per curiam)).

### Conclusion

Accordingly, without addressing the merits of Barnett's issue on appeal, we dismiss this interlocutory appeal.