**DISMISS and Opinion Filed February 10, 2023**



In the
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00324-CV

**LEO BIENATI, THERESA PHAM, CARLOS LACAYO, AND ANDRES RUZO, Appellants**
**V.**
**CLOISTER HOLDINGS, LLC, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-17448**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Carlyle

This is an accelerated interlocutory appeal from a temporary injunction. Because the trial of the merits of the case below has been stayed in an effort to seek an advisory opinion from this Court, we dismiss the appeal.

Appellants Leo Bienati and Theresa Pham formed Holy Kombucha, Inc. (HKI) in 2014. In January 2021, HKI entered into a loan and security agreement with an affiliate of Montgomery Capital Advisors, LLC (MCA) to refinance HKI's existing debt. Several months later, in April 2021, appellee Cloister Holdings, LLC acquired a shareholder interest of 45% in HKI.

HKI's April 20, 2021 "Amended and Restated Shareholders Agreement" provided, "No meeting of the Board may proceed to business or transact any business unless a Quorum is present throughout the meeting. For that purpose, a quorum of the Board requires the presence of . . . at least one Cloister Nominee . . . ." Additionally, the Shareholders Agreement stated (1) "[t]his Agreement may not be amended, terminated, modified or supplemented and no waivers of or consents to departures from the provisions hereof may be given unless consented to in writing by Super-Majority Vote" and (2) "'Super-Majority Vote' means (i) if MCA holds MCA Interest, the affirmative vote of a simple majority of the Board, and (ii) if MCA does not hold MCA interest, the affirmative vote (by written consent or at a duly authorized meeting of the Shareholders of the Company) of the holders of more than 85% of the Voting Shares authorized to vote on the question at issue." In November 2021, three members of HKI's five-person Board—Mr. Bienati, Ms. Pham, and appellant Andres Ruzo—voted by written consent to amend the Shareholders Agreement to, among to other things, eliminate the requirement that a "Quorum" must include a "Cloister Nominee" (the Amendment).

Cloister filed this lawsuit against appellants on December 9, 2021, contending the Amendment "fraudulently 'eliminated' Cloister, its 45% ownership and its votes on HKI's board." Cloister asserted, among other claims, breach of fiduciary duty, conversion, theft, embezzlement, misappropriation, fraud in the inducement, negligent misrepresentation, breach of contract, and unjust enrichment. Cloister also

sought a temporary injunction, which the trial court granted on March 24, 2022. The temporary injunction enjoined appellants from "changing, altering, or limiting Cloister's 'Quorum' rights" "through the 'WRITTEN CONSENT IN LIEU OF A SPECIAL MEETING OF THE BOARD OF DIRECTORS'" and set "full trial on the merits" for January 23, 2023. Appellants timely filed this interlocutory appeal on April 11, 2022.

While this appeal was pending, the trial court signed an August 31, 2022 "Amended Temporary Injunction," which was the same as the original except for the following provision:

> Due to a clerical error, the court's TEMPORARY INJUNCTION, dated March 25, 2022, erroneously stated that "bond had already been paid", THEREFORE, the court is making this amended TEMPORARY INJUNCTION order to correct this error, as follows:
> IT IS FURTHER ORDERED, by the Court, that a bond in the amount of $7,500.00 is hereby set and shall be paid into the registry of the court, within three (3) days of the date of this order.

Though this appeal was originally set for October 12, 2022 submission in this Court, we granted appellants' unopposed September 28, 2022 motion to allow supplemental briefing and to reset the submission date "for after the supplemental briefing is complete." Meanwhile, the trial court held an October 12, 2022 hearing on a motion by Cloister to "extend deadlines in scheduling order" and a motion by defendants "for continuance and to extend deadlines." Following that hearing, the trial court signed an October 17, 2022 order extending several deadlines and stating,

"After the arguments of and discussions with counsel, it is ORDERED: . . . In all respects the underlying case is abated until either the 5th Court of Appeals rules on defendants' Interlocutory Appeal or Thursday, January 5, 202[3], when a hearing shall be held, whichever occurs first." In December 2022, this Court reset this appeal for submission on January 31, 2023.

Appellants challenge both the original and amended temporary injunctions, asserting, among other things, (1) Cloister failed to show a probable right to recovery because the Amendment to the Shareholders Agreement was proper; (2) Cloister has not shown it would suffer probable, imminent, and irreparable injury without the injunctive relief; and (3) the bond amount set by the trial court is insufficient to protect appellants' interests because due to the temporary injunction and Cloister's "refusal to participate in any Board meetings" until this litigation is resolved, HKI is experiencing a "financial crisis" and "could face foreclosure at any time."

During oral submission on January 31, 2023, this Court noted that the trial date set in the temporary injunction had passed and asked counsel about the status of a trial setting. Appellants' counsel stated that the case is currently "abated" in the trial court because of this pending appeal. Counsel was not aware of any set trial date. Counsel stated that because the probable right to recovery issue could impact the merits of the entire case, the trial court "abated it until this Court weighed in on the merits of the temporary injunction and whether there's a probable right to recovery."

The appeal of a temporary injunction "shall constitute no cause for delay of the trial." TEX. R. CIV. P. 683. We have repeatedly disapproved the practice of postponing the trial on the merits of a case to obtain a ruling on the appeal of a temporary injunction. *See Torres v. Brookins*, No. 05-18-00028-CV, 2018 WL 2382112, at *2 (Tex. App.—Dallas May 25, 2018, no pet.) (mem. op.); *DK8, LLC v. HBT JV, LLC*, No. 05-16-00320-CV, 2016 WL 6094308, at *2 (Tex. App.—Dallas Oct. 19, 2016, no pet.) (mem. op.); *Senter Invs., L.L.C. v. Veerjee*, 358 S.W.3d 841, 846 (Tex. App.—Dallas 2012, no pet.); *Brar v. Sedey*, 307 S.W.3d 916, 920 (Tex. App.—Dallas 2010, no pet.); *Hiss v. Great N. Am. Cos., Inc.*, 871 S.W.2d 218, 220 (Tex. App.—Dallas 1993, no writ); *Reeder v. Intercontinental Plastics Mfg. Co., Inc.*, 581 S.W.2d 497, 499 (Tex. App.—Dallas 1979, no writ). This practice not only delays the ultimate resolution of the merits of the parties' dispute but wastes judicial resources. *Torres*, 2018 WL 2382112, at *2; *DK8, LLC*, 2016 WL 6094308, at *2; *see also Arch Resorts, L.L.C. v. City of McKinney*, No. 05-15-01108-CV, 2016 WL 3196767, at *1 (Tex. App.—Dallas May 26, 2016, no pet.) (mem. op.); *Barnett v. Manuel Griego, Jr., D.O., P.A.*, 337 S.W.3d 384, 387 (Tex. App.—Dallas 2011, no pet.).

"The fastest way to cure the hardship of an unfavorable preliminary order is to try the case on the merits." *Torres*, 2018 WL 2382112, at *2 (citing *Hiss*, 871 S.W.2d at 219); *see also DK8, LLC*, 2016 WL 6094308, at *2; *Arch Resorts*, 2016 WL 3196767, at *1. The trial court should "proceed expeditiously from the grant or

denial of temporary injunctive relief to full consideration of the merits to reduce the need for interlocutory appeals." *Arch Resorts*, 2016 WL 3196767, at *1.

Here, the proceedings in the trial court have been stayed in an effort to obtain an advisory opinion from this Court. *See Torres*, 2018 WL 2382112, at *2; *Barnett*, 337 S.W.3d at 387. Judicial economy dictates that we not reward this behavior. *See Torres*, 2018 WL 2382112, at *2; *DK8, LLC*, 2016 WL 6094308, at *2; *see also Dallas/Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators, USA*, 335 S.W.3d 361, 364 (Tex. App.—Dallas 2010, no pet.) (stating court of appeals has no jurisdiction to issue advisory opinions). Thus, we decline to address appellants' arguments and we dismiss this appeal.[1] *See Torres*, 2018 WL 2382112, at *2; *DK8, LLC*, 2016 WL 6094308, at *2; *Hiss*, 871 S.W.2d at 220.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

220324F.P05

---

[1] Appellants' post-argument filing sought to dilute the position taken at oral argument, where counsel described the trial court abatement as waiting for an opinion from this Court because the questions at issue were inextricably tied to the case's merits. Though the filing provides additional detail, the fact remains that the trial court and appellants at least have sought an advisory opinion from this Court.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEO BIENATI, THERESA PHAM, CARLOS LACAYO, AND ANDRES RUZO, Appellants

No. 05-22-00324-CV      V.

CLOISTER HOLDINGS, LLC, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-17448. Opinion delivered by Justice Carlyle. Justices Goldstein and Kennedy participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee CLOISTER HOLDINGS, LLC recover its costs of this appeal from appellants LEO BIENATI, THERESA PHAM, CARLOS LACAYO, AND ANDRES RUZO.

Judgment entered February 10, 2023