# Supreme Court of Texas

No. 23-0223

Leo Bienati, Theresa Pham, Carlos Lacayo and Andres Ruzo,

*Petitioners*,

v.

Cloister Holdings, LLC,

*Respondent*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

**PER CURIAM**

The issue in this case is whether delay of a trial pending the appellate review of a temporary injunction deprives the court of appeals of jurisdiction to hear the appeal. The court of appeals concluded that the trial court's delay would render any judgment in the interlocutory appeal advisory, and thus it dismissed the appeal for want of jurisdiction.

Parties ordinarily should proceed to trial pending an appeal from a temporary injunction. *See Sw. Weather Rsch., Inc. v. Jones*, 327 S.W.2d 417, 422 (Tex. 1959). Although "[g]enerally[,] the most expeditious way of obviating the hardship and discomforture of an

unfavorable preliminary order is to try the case on its merits," *id.*, the failure to do so does not deprive a court of appeals of jurisdiction over the appeal. An interim appellate decision resolves a current controversy and governs the parties until final judgment. Accordingly, the court of appeals erred in dismissing this appeal for want of jurisdiction based on a delay of the trial date. We reverse its judgment and remand the case to that court for further proceedings.

# I

Petitioners Leo Bienati and Theresa Pham are part owners of Holy Kombucha, Inc., a beverage company. Holy Kombucha's lender, Montgomery Capital Partners IV, LP, holds a security interest in the company. Respondent Cloister Holdings, LLC, also owns a stake in the company. Holy Kombucha's shareholders' agreement provides that its five-member board of directors must include Bienati, Pham, two Cloister nominees, and one Montgomery nominee.[1] The board must not transact business without a quorum. That quorum must include one Cloister nominee, the Montgomery nominee, and either Bienati or Pham.

Cloister alleges that Bienati and Pham mismanaged Holy Kombucha's finances, and Montgomery failed to appropriately intervene. As a result, Cloister refused to participate or vote in board meetings. When Cloister stymied business activity by refusing to participate, Bienati, Pham, and the Montgomery nominee purported to

---

[1] The shareholders' agreement provides that Bienati and Pham collectively designate two members of the board; they designated themselves. Montgomery Capital Partners IV, LP, is an affiliate of Montgomery Capital Advisers, LLC. Montgomery Capital Advisers, LLC and its affiliates have the right to designate one board member.

amend the shareholders' agreement by written consent, redefining the quorum to no longer require a Cloister nominee's presence.

After its quorum exclusion, Cloister sued Bienati, Pham, and the two Montgomery nominees (collectively, the enjoined board members), asserting contract and tort claims. The trial court granted Cloister's request for a temporary injunction, forbidding the board members from "changing, altering, or limiting Cloister's 'Quorum' rights" as the original shareholders' agreement provided.

The enjoined board members filed an interlocutory appeal, challenging the temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4). While the appeal was pending, Bienati, Pham, and Holy Kombucha counterclaimed against Cloister and added the two Cloister nominees as third-party defendants. Bienati, Pham, and Holy Kombucha moved to adjust the scheduling order and to reset the trial date to permit discovery on these new claims. The trial court instead ordered that the case be "abated until either the 5th Court of Appeals rules on defendants' Interlocutory Appeal or Thursday, January 5, 202[3], when a hearing shall be held, whichever occurs first."

Meanwhile, in the court of appeals, the enjoined board members challenged the temporary injunction, contending that (1) the order did not preserve the status quo; (2) Cloister had not shown a probable right to relief or imminent, irreparable injury; (3) the trial court impermissibly amended the order; and (4) the bond was too low.

Rather than addressing the merits, the court of appeals dismissed the appeal. It held that the trial court's delay of the trial was "an effort to obtain an advisory opinion," citing its own line of cases dismissing

3

appeals from a temporary injunction when a trial is delayed pending its decision. ___ S.W.3d ___, 2023 WL 1878879, at *2-*3 (Tex. App.—Dallas Feb. 10, 2023) (citing, *e.g.*, *Torres v. Brookins*, No. 05-18-00028-CV, 2018 WL 2382112, at *2 (Tex. App.—Dallas May 25, 2018, no pet.)).  The court of appeals opined that appellate courts should "not reward this behavior," observing the longstanding principle that "[t]he fastest way to cure the hardship of an unfavorable preliminary order is to try the case on the merits."  *Id.* at *3 (quoting *Torres*, 2018 WL 2382112, at *2). The court also pointed to Texas Rule of Civil Procedure 683, which provides that the appeal of a temporary injunction "shall constitute no cause for delay of the trial."  The enjoined board members petitioned for review.

## II

### A

This Court has jurisdiction to determine whether the court of appeals properly determined its own jurisdiction, a ruling we review de novo.  *LTTS Charter Sch., Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 75 (Tex. 2011).  A party is entitled to appeal an interlocutory order that "grants or refuses a temporary injunction."  TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4).  While such an appeal is pending, our Court has directed parties to expeditiously proceed to trial as a matter of judicial economy. *See Iranian Muslim Org. v. City of San Antonio*, 615 S.W.2d 202, 208-09 (Tex. 1981); *Coal. of Cities for Affordable Util. Rates v. Third Ct. of Appeals*, 787 S.W.2d 946, 947 (Tex. 1990) ("Trial courts are to be encouraged to proceed expeditiously from the granting or denying of temporary injunctive relief to full consideration of the merits so as to

4

reduce the necessity for interlocutory appeals."). A concerted effort to improve judicial management, however, does not remove an appellate court's jurisdiction over an appeal from a temporary injunction merely because trial on the merits is delayed. Rather, the appellate court retains jurisdiction over the appeal until a final judgment moots consideration of it. *Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 635 (Tex. 2021) ("[A] trial court's entry of a final judgment will often moot an interlocutory appeal or mandamus petition that challenges a prior trial-court order."). Maintaining appellate jurisdiction preserves the Legislature's dual goals of conferring power to the appellate courts over interlocutory appeals from injunctions while permitting proceedings to advance in the trial court. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4).

The enjoined board members contend that their appeal is neither the pursuit of an advisory opinion nor an advance ruling on the merits. Cloister responds that the appellate court's dismissal for want of jurisdiction was proper because the enjoined board members delayed in the trial court rather than expeditiously proceeding to final judgment.

**B**

Texas courts have no jurisdiction to render advisory opinions. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). "The distinctive feature of an advisory opinion is that it decides an abstract question of law without binding the parties." *Id.*; *see also Tex. Comm'n on Env't Quality v. Maverick County*, 642 S.W.3d 537, 549 (Tex. 2022). The legal issues presented in this appeal, however, are not

abstract or hypothetical. The trial court's injunction currently is in place, binding the parties pending final judgment, and the enjoined board members challenge its propriety. A ruling from the court of appeals as to the propriety of the injunction will, in turn, bind the parties until the case is concluded.

Justiciability doctrines like standing, mootness, and ripeness help ensure that courts do not issue advisory opinions. *See Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.*, 971 S.W.2d 439, 442-43 (Tex. 1998). Cloister does not invoke any of these, and the court of appeals detected no jurisdictional defect. The enjoined board members have standing because the temporary injunction presently restrains their actions, and the court of appeals is empowered to grant relief by dissolving or modifying the injunction. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005) (holding that standing requires "a real controversy between the parties" that "will be actually determined by the judicial declaration sought" (quoting *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996))). Because the temporary injunction is currently in effect, presenting a live controversy, the case is not moot. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012) ("A case becomes moot if . . . the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome."). Similarly, the case is ripe for review because the temporary injunction currently restrains the enjoined board members, who have a statutory right to interlocutory review. *See Sw. Elec. Power Co. v. Lynch*, 595 S.W.3d 678, 683 (Tex. 2020) (holding that a case is not ripe if the "claimed injury is based on 'hypothetical facts, or

6

upon events that have not yet come to pass'" (quoting *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000))). In short, a decision from the court of appeals would bind the parties and resolve an actual controversy; accordingly, such a decision is not advisory.

Further, a court of appeals' ruling in an appeal from a temporary injunction presents a different inquiry than resolution of the merits of a case in a final judgment. To obtain a temporary injunction, a party must show "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An interim ruling decides the legality of the temporary injunction and binds the parties until it is otherwise modified or vacated on final judgment, but it does not conclude the parties' dispute. *See Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992).

When an appeal of a temporary injunction involves a question of law, overlap with the issues presented by the underlying merits often occurs. Such a possibility—or even likelihood—does not render an appellate decision on a temporary injunction advisory. A probable right to relief is simply that—probable. An appellate court determination that a party has shown a probable right to relief does not mean that the party obtaining temporary relief will prevail on the merits based on a fully developed record. Concomitantly, if an appellate court determines that a party failed to demonstrate a probable right to temporary relief, the case nonetheless continues, and a party may show facts or present legal arguments ultimately demonstrating that it is entitled to prevail.

7

Texas Rule of Civil Procedure 683 and considerations of judicial economy are no justification for dismissal based on a lack of jurisdiction. Rule 683 does not provide that the remedy for the failure to proceed to trial is a jurisdictional bar to appeal, which is a statutory power the Legislature has conferred. In short, an appellate decision as to the propriety of a temporary injunction is not advisory, even if it involves a question of law that implicates the merits of the claims presented. The court of appeals had jurisdiction to consider the enjoined board members' appeal. We disapprove of cases refusing to recognize jurisdiction to review temporary injunctions because trial court proceedings have been delayed pending an appeal from a temporary injunction.[2]

\* \* \*

We hold that the court of appeals had jurisdiction over the enjoined board members' interlocutory appeal of the temporary injunction despite the trial court's abatement of proceedings. Without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant the petition for review, reverse the judgment of the court of appeals, and remand the case to that court for further proceedings consistent with this opinion.

**OPINION DELIVERED:** June 7, 2024

---

[2] *See Torres*, 2018 WL 2382112, at \*2; *Arch Resorts, L.L.C. v. City of McKinney*, No. 05-15-01108-CV, 2016 WL 3196767, at \*2 (Tex. App.—Dallas May 26, 2016, no pet.); *DK8, LLC v. HBT JV, LLC*, No. 05-16-00320-CV, 2016 WL 6094308, at \*2 (Tex. App.—Dallas Oct. 19, 2016, no pet.); *Senter Invs., L.L.C. v. Veerjee*, 358 S.W.3d 841, 846-47 (Tex. App.—Dallas 2012, no pet.); *Barnett v. Griego*, 337 S.W.3d 384, 387 (Tex. App.—Dallas 2011, no pet.); *Dall./Fort Worth Int'l Airport Bd. v. Ass'n of Taxicab Operators, USA*, 335 S.W.3d 361, 364-67 (Tex. App.—Dallas 2010, no pet.).