ACCEPTED
15-25-00150-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
9/23/2025 3:21 PM
CHRISTOPHER A. PRINE
CLERK

No.15-25-00150-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
9/23/2025 3:21:02 PM
CHRISTOPHER A. PRINE
Clerk

15th Court of Appeals of Texas

_____

*In Re ColossusBets Limited*, Relator

_____

**REAL PARTY IN INTEREST JERRY B. REED'S RESPONSE TO RELATOR'S MOTION TO STAY PROCEEDINGS UNDER TRAP 52.10**

_____

Original Proceeding from Cause No. 25-BC03A-0007
Business Court of Texas Third Division Austin, Texas

_____

LAGARDE LAW FIRM, P.C.
Richard L. LaGarde
State Bar No. 11819550
Mary LaGarde
State Bar No. 24037645
230 Westcott St., Suite 100
Houston, TX 77007
TEL: (713) 993-0660
richard@lagardelaw.com
mary@lagardelaw.com
ATTORNEYS FOR REAL
PARTY IN INTEREST

# TABLE OF CONTENTS

**Page**

Table of Contents i

Index of Authorities ii

 I. Background 1

 II. Summary of Arguments 2

 III. Standard for Temporary Relief 3

 IV. Argument 3

  A. No Compelling Circumstances Are Shown 3

  B. The Status Quo Is Ongoing District Court Proceedings 4

  C. Discovery Will Be Used Regardless 4

  D. A Stay Would Prejudice Reed 5

  E. Relator Is Unlikely to Obtain Mandamus Relief 6

 V. Prayer 7

Certificate of Service 8

Certificate of Compliance 8

## INDEX OF AUTHORITIES

**Cases**

*Coalition of Cities for Affordable Utility Rates v. Third Court of Appeals,*
    787 S.W.2d 946 (Tex. 1990) ...........................................................2,3,4

**Statutes and Rules**

Tex. R. App. P. 52.10 ........................................................................ 3
Tex. R. App. P. 9.4(i) ........................................................................ 8
Tex. Gov't Code § 25A.004(b)(2) ........................................................ 2, 6

**Other Authorities**

Hague Convention on the Service Abroad of Judicial and Extrajudicial
Documents ...................................................................................... 5

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Real Party in Interest, Jerry B. Reed, respectfully asks the Court to deny ColossusBets Limited's motion to stay proceedings pending disposition of its mandamus petition.

## I.  BACKGROUND

Real Party in Interest, Jerry Reed, alleges that Relator ColossusBets and its co-defendants orchestrated a fraudulent scheme to rig the $95 million April 22, 2023 Lotto Texas drawing by bulk-printing millions of tickets using counterfeit QR codes and unauthorized terminal access. Reed, who held a legitimate winning ticket for the May 17, 2023 drawing, lost more than $52 million in diminished winnings as a direct result.

Defendants' scheme destabilized the Texas Lottery itself. Defendants secured the $95 million jackpot by controlling almost all number combinations. The fallout was swift: the Governor ordered a Texas Rangers investigation, the Lieutenant Governor called it the "biggest fraud ever perpetrated on the Texas Lottery," the Executive Director of the Lottery Commission resigned, and the Legislature dissolved the Lottery Commission altogether.

1

Mr. Reed's suit was filed April 8, 2025 in Travis County District Court. On May 9, 2025, Rook GP, LLC and Rook TX, LP removed the case to the Business Court under Chapter 25A. On June 18, 2025, the Business Court denied Plaintiff's motion to remand, citing allegations about the date of formation of the Rook defendants.

Plaintiff then filed a Fourth Amended Petition on August 5, 2025, expressly removing allegations regarding the date of formation of the Rook defendants and disclaiming any reliance on governance or internal affairs theories. On August 25, 2025, Judge Andrews remanded the case, holding that the Business Court no longer had jurisdiction under §25A.004(b)(2). ColossusBets now seeks mandamus.

## II.   SUMMARY OF ARGUMENT

The Supreme Court has made clear that a stay of trial court proceedings should not be granted absent "**compelling circumstances**". *Coal. of Cities for Affordable Util. Rates v. Third Court of Appeals*, 787 S.W.2d 946, 947 (Tex. 1990). None are shown here.

ColossusBets seeks a blanket freeze that would derail critical deadlines and discovery already ordered by the trial court. But it

identifies no irreparable harm, no threat to appellate jurisdiction, and no compelling reason to halt proceedings. By contrast, a stay would inflict concrete prejudice on Reed, including jeopardizing his ability to serve elusive foreign defendants by the December joinder deadline and delaying essential tracing of jackpot proceeds so that the individual gamblers can be identified and joined.

Because Relator fails to demonstrate compelling circumstances, Rule 52.10 does not permit a stay.

## III.   STANDARD FOR TEMPORARY RELIEF

Temporary relief under TRAP 52.10 is discretionary and appropriate only to protect appellate jurisdiction and maintain the status quo. The Supreme Court has cautioned that granting a stay "increases delay and expense and should not be done absent compelling circumstances." *Coal. of Cities*, 787 S.W.2d at 947.

## IV.   ARGUMENT

### A. No Compelling Circumstances Are Shown

Relator identifies no compelling circumstance that would justify the extraordinary relief it seeks. Its motion does not allege irreparable harm, much less demonstrate why routine participation in discovery would warrant freezing the entire case. The only "harm" Relator describes is having to comply with discovery and appear at hearings—ordinary burdens of litigation that do not qualify as compelling circumstances.

**B. The Status Quo Is Ongoing District Court Proceedings**

The remand order has already been effectuated. The District Court has resumed jurisdiction, set October 1 hearings on Reed's motions to compel, and is actively administering the case. Granting a stay would not preserve the status quo but change it, interrupting pending hearings and shielding defendants from discovery obligations. That is the very type of disruption the Supreme Court warned against in *Coalition of Cities*.

**C. Discovery Will Be Used Regardless**

Even if mandamus were granted, the discovery now proceeding will not be wasted. The case will still require discovery into Rook's ownership, the identity of the gamblers who funded the April 22, 2023 ticket pool, and the tracing of jackpot proceeds. In addition, ColossusBets' Special Appearance necessitates jurisdictional discovery into its Texas contacts.

4

This evidence will be relevant in any forum and under any pleading. Necessary discovery is not irreparable injury—and certainly not a compelling circumstance that justifies the delay and expense of a stay.

### D. A Stay Would Prejudice Reed

The service and joinder deadline is approaching. The Agreed Scheduling Order requires service and joinder by December. Three defendants are located in the United Kingdom and must be served under the provisions of the Hague Convention. One of them, Zeljko Ranogajec, is notoriously difficult to serve. He's known in gambling circles as "The Joker" and is so elusive he's been termed the "Loch Ness Monster" by the British press. He resides in a high-security London apartment block across from Buckingham Palace. Any further delay risks making timely service on Ranogajec and the other U.K. defendants impossible.

Identifying the gambling pool members is likewise time sensitive. Reed must trace funds to the individuals who composed the gambling pool and join them before the December deadline. That process requires subpoenas to financial institutions and discovery from defendants. A stay would freeze these steps and dangerously compress the schedule.

Discovery hearings are also set for October 1. The District Court is poised to compel the Rook defendants to comply with a discovery order issued by the trial court on August 4, 2025, but ignored to date by those defendants.

A scheduled deposition of Relator's corporate representative in London set for September 24, 2025 was cancelled days before the deposition after Relator declared that it would not produce a witness pending its filing of a motion to stay with this Court.

Delay benefits only Relator and the other defendants. Prejudice falls squarely on Reed.

**E. Relator Is Unlikely to Obtain Mandamus Relief**

Mandamus requires a clear abuse of discretion. The Business Court's August 25, 2025 remand opinion was detailed and well-reasoned. Whether jurisdiction can be revisited after pleadings are amended is, at best, a debatable issue. Debatable issues are not good grounds for mandamus.

Relator's "one-way door" theory is not found in the text of Chapter 25A and reads into Texas law words the Legislature intentionally omitted. Nothing in Chapter 25A prevents remand when the live action

no longer falls within the Business Court's jurisdiction. Real Party in Interest plans to file a more detailed response to Relator's Petition for Mandamus in the coming days.

## V. PRAYER

For these reasons, Real Party in Interest Jerry B. Reed respectfully asks the Court to deny Relator's Motion to Stay Proceedings.

DATED: September 23, 2025.

Respectfully submitted,
LAGARDE LAW FIRM, P.C.

/s/ *Richard L. LaGarde*
Richard L. LaGarde
State Bar No. 11819550
Mary LaGarde
State Bar No. 24037645
230 Westcott St., Suite 100
Houston, TX 77007
TEL: (713) 993-0660
richard@lagardelaw.com
mary@lagardelaw.com
ATTORNEYS FOR
REAL PARTY IN INTEREST

7

## CERTIFICATE OF SERVICE

I certify that, on September 23, 2025, a true and correct copy of the Response of the Real Party in Interest to Relator's Emergency Motion to Stay Proceedings was served on all counsel of record via the Court's electronic-notification system. The Honorable Melissa Andrews, Respondent, was served via email to her court coordinator.

/s/ <em>Richard LaGarde</em>
Richard LaGarde

## CERTIFICATE OF COMPLIANCE

This brief complies with the length limitations of TEX. R. APP. P. 9.4(i)(2)(B) because this brief consists of 1,100 words, excluding the parts of the brief exempted by TEX. R. APP. P. 9.4(i)(1).

/s/ <em>Richard LaGarde</em>
Richard LaGarde

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Richard LaGarde on behalf of Richard LaGarde
Bar No. 11819550
richard@lagardelaw.com
Envelope ID: 105977679
Filing Code Description: Response
Filing Description: Real Party in Interest's Response to Motion to Stay
Status as of 9/23/2025 3:26 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Harrell | 793905 | david.harrell@troutman.com | 9/23/2025 3:21:02 PM | SENT |
| Richard Lagarde | 11819550 | richard@lagardelaw.com | 9/23/2025 3:21:02 PM | SENT |
| Manfred Sternberg | 19175775 | manfred@msternberg.com | 9/23/2025 3:21:02 PM | SENT |
| Aimee Oleson | 24036391 | aoleson@sheppardmullin.com | 9/23/2025 3:21:02 PM | SENT |
| Mary Lagarde | 24037645 | mary@lagardelaw.com | 9/23/2025 3:21:02 PM | SENT |
| Jeffrey Adams | 24006736 | jeff@jeffadamslaw.com | 9/23/2025 3:21:02 PM | SENT |
| Jon Smith | 18630750 | jon@jonmichaelsmith.com | 9/23/2025 3:21:02 PM | SENT |
| Mia Lorick | 24091415 | Mia.Lorick@troutman.com | 9/23/2025 3:21:02 PM | SENT |
| Charles Conrad | | charles.conrad@pillsburylaw.com | 9/23/2025 3:21:02 PM | SENT |
| Grace Miller | 24132499 | gmiller@sheppardmullin.com | 9/23/2025 3:21:02 PM | SENT |
| Lindsey Mitchell | | lindsey.mitchell@pillsburylaw.com | 9/23/2025 3:21:02 PM | SENT |
| Derrick Carson | | Derrick.carson@pillsburylaw.com | 9/23/2025 3:21:02 PM | SENT |
| Bradden Pippin | 24143893 | bradden.pippin@troutman.com | 9/23/2025 3:21:02 PM | SENT |
| Kathleen Laird | | Kathleen.Laird@Troutman.com | 9/23/2025 3:21:02 PM | SENT |
| Jon Sink | | jonathan.sink@pillsburylaw.com | 9/23/2025 3:21:02 PM | SENT |
| Honorable Melissa Andrews | | bcdivision3a@txcourts.gov | 9/23/2025 3:21:02 PM | SENT |
| Ryan Dickinson | | ryandickinson79@gmail.com | 9/23/2025 3:21:02 PM | SENT |